## Court of Appeals.

February 9, 1892.

### PEOPLE v. WILLIAM TRIMBLE.

(42 St. Rep. 716; 131 N. Y. 118.)

1. Appeal—Court of appeals.

The court of appeals is not at liberty to review a verdict of conviction for larceny, upon the facts, though the evidence thereof and of the prisoner's guilt is wholly circumstantial, where enough is done to justify the submission of the case to the jury.

2. Trial—Former acquittal.

An omission to enter a formal judgment upon a verdict for the people upon an issue of former conviction for the same offense, where defendant has pleaded over without objecting to such omission, is no sufficient ground for a motion for the direction of a verdict of acquittal.

3. Same.

An order, made at the close of the first trial and allowing defendant to answer over, is a substantial judgment entered on the verdict.

Appeal from a judgment of the supreme court, general term, fifth department, affirming judgment of the court of sessions of Niagara county, convicting defendant of the crime of larceny in the first degree.

Richard Crowley, for appellant.

P. F. King, for respondents.

FINCH, J.—There is but one exception in this case which touches any material question. As to the close of the testimony the prisoner's counsel asked the court to direct a verdict of acquittal upon three grounds: First, that the evidence was insufficient to warrant a conviction of the larceny charged in the indictment; second, that the proof was insufficient to show that the prisoner committed the crime; and third, that after the trial of the issue raised by defendant's plea of a former conviction, and the verdict rendered by the jury thereon, no ju·¹gment was or has been entered therein. The court refused to give the direction asked, and the defendant's counsel duly excepted.

The first two grounds of the motion concerned the facts, and were based upon section 410 of the Code of Criminal Procedure, which permits the court, when it deems the evidence insufficient to warrant a conviction, to so advise the jury, who are required to decide accordingly. While the evidence of the larceny and of the guilt of the prisoner was wholly circumstantial, quite enough was shown to justify a submission of the issue to the jury, and we are not at liberty to review their verdict on the facts. People v. Hovey, 92 N. Y. 554.

The third ground of the motion is the one principally argued at our bar, but cannot serve to reverse the judgment for several reasons.

1. It furnishes no adequate ground for granting the request actually made. The alleged irregularity arose in this manner. When the defendant was first arraigned he pleaded in bar a previous conviction for the same offense. Under the Code he was at liberty to do that either with or without an added plea of not guilty. Code, § 332. He chose to avail himself of that privilege, and by his plea raised separately and solely the issue of a former conviction. That issue was tried before a jury and the verdict rendered was "For the People." An order was thereupon made permitting him to plead over, and he did so, interposing the plea of not guilty. That issue was afterward tried and the prisoner convicted. If now we concede that it was irregular not to have entered a formal judgment upon the verdict of the first jury, such irregularity furnished no ground upon which the court on the second trial could be required to direct a verdict of acquittal. No proof was given pertinent to

that question, and the Code does not authorize it as a ground for controlling the action of the jury. The question could not be raised in that manner or at that stage of the proceedings.

2. The omission of a formal judgment upon the first verdict was not objected to on behalf of the accused, nor was any demand made by him for its entry. If entered it must necessarily have been either a general judgment of conviction, which seems to be the claim of the appellant, or a judgment of respondeat ouster, the plea not sustained and the defendant must answer over. Certainly he cannot be heard to object that a formal judgment of conviction was not entered, for the error, if it was one, enured to his benefit. He accepted the order granted and availed himself of the privilege it gave him to answer over. He cannot now be permitted to complain that he should have been convicted when the issue of his guilt or innocence had not yet been tried.

3. But I think the order made at the close of the first trial may be regarded as a substantial judgment entered upon the verdict. It gave the accused everything to which he was entitled. The Code does not·dictate what judgment should be entered. The section to which the appellant refers as requiring upon the issue of a previous conviction or acquittal a judgment of conviction or acquittal, section 442, relates only to the case of a special verdict in which the jury only find the facts. The only possible and proper judgment when the plea of a previous conviction or acquittal is interposed is a judgment upon that plea and must be either of acquittal because of the previous trial or that the plea has not been sustained and the defendant must answer over. The judgment must follow the verdict and the form of that is prescribed by the Code, § 437. That declares: "A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the indictment. Upon a plea of a former conviction or acquittal of the same offense it is either 'for the people,' or 'for the defendant.' " It is evident that upon the latter verdict no judgment appropriate only to the former can be entered, and while the Code omits to prescribe what in terms it shall be, the prior practice shows that it must be respondeat ouster. The record here shows substantially that judgment.

While it was not formal and took the shape of an order, it really existed; it secured to the prisoner his right; and he availed himself of it without objection.   There is, therefore, no substantial basis even for the claim of a material irregularity.

The judgment should be affirmed.

All concur.