notes and check. It is quite apparent that 'an inspection of the notes and check will furnish no information as to the real consideration supporting them. As between plaintiff and defendant the consideration may be inquired into, and the defendant is entitled to know what the plaintiff claims that the consideration really was. The purpose of the bill of particulars containing such information is not to furnish evidence for the defendant, but to limit and define the scope of the controversy. As the defendant is an executor, he is not to be presumed to have knowledge on the subject, and he affirmatively declares that he has no such knowledge. There is abundant authority for granting a motion for a bill of particulars under such circumstances. Gasworks Co. v. Standard Gaslight Co., 47 Hun, 255; Riggs v. Buckley, 2 App. Div. 618, 37 N. Y. Supp. 1095; Harris v. Drucklieb, 128 App. Div. 276, 112 N. Y. Supp. 671.

The order, in so far as it denied a bill of particulars of the consideration alleged to have been given for the notes and check, is reversed, with $10 costs and disbursements, and the motion for such particulars granted. All concur.

---

## SMITH v. WESTERN PAC. RY. CO.

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

1. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—STATUTES—CONSTRUCTION.

Under Code Civ. Proc. § 973, providing that the court in its discretion may order one or more issues to be separately tried prior to trial of the other issues in the case, it should appear that the plea to be tried has a reasonable basis to rest on, and is not interposed merely for delay, and that it can be tried without involving the trial of the merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 7; Dec. Dig. § 3.*]

2. JURY (§ 31*)—RIGHT TO JURY TRIAL—CONSTITUTIONAL LAW.

Code Civ. Proc. § 973, providing that the court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case, does not violate, because permitting different issues in the same case to be separately tried before different juries, Const. art. 1, § 2, providing for trial by jury, not being designed to limit the discretion of the Legislature in prescribing the procedure by which the trial shall be had.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 31.*]

Appeal from Special Term, New York County.

Action by Charles E. W. Smith against the Western Pacific Railway Company. From an order directing that certain issues of fact and law be tried prior to the trial of the other issues in the case, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Thomas B. Hardin, for appellant.
F. W. M. Cutcheon, for respondent.

SCOTT, J. This is an appeal from an order directing a certain issue in the action to be separately tried, prior to the trial of the other

issues in the case. The action is for a large sum of money claimed to be due to the plaintiff as compensation for services rendered in negotiating or assisting in the negotiation of the sale of bonds of the defendant. The defendant, besides denying all, or nearly all, of the allegations of the complaint, sets up a number of separate defenses, one of which is that the action is barred by the statute of limitations of the state of California, of which defendant is a resident, and by the statute of limitations of the state of New York.

It is the issue raised by this separate defense that the order appealed from directs to be tried separately and before the trial of the other issues in the case. The section of the Code of Civil Procedure under which the order is made is section 973, which reads as follows:

"The court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case."

The section is comparatively new, having been enacted in 1907, and has not as yet received much judicial consideration. The direction of the statute is that the order shall rest in the discretion of the court, which should be judiciously and perhaps sparingly exercised. If the court's discretion be so exercised, the section should prove to be of distinct benefit, by saving the time of the court and its litigants, and by reducing the expense of litigation. In general, the application of the statute will doubtless be found to be most useful and beneficial, if confined to the trial of pleas in bar, such as the statute of limitations, pleas to the jurisdiction, and in some cases to pleas of a former adjudication. In short, the section can be most usefully applied to the case of an issue which, if determined in one way, will end the litigation and render a trial upon the merits unnecessary.

[1] It should also appear that the plea to be tried is one which has a reasonable basis to rest upon, and is not interposed merely for delay, and it should also be one which can be tried and disposed of without involving the trial of the merits. The order now appealed from meets these requirements.

[2] Indeed, the appellant bases his objection, not upon any abuse of discretion in making the order, but upon the supposed invalidity of the section of the Code under which it is made. He insists that the section is unconstitutional, because it will permit different issues in the same case to be separately tried before different juries. The provision of the Constitution referred to is contained in section 2, art. 1, and provides:

"That trial by jury in all cases in which it hath heretofore been used in the colony of New York shall be established and remain inviolate forever."

It is well settled that the purpose of this provision was to preserve inviolate the institution of trial by jury as it existed prior to 1777, but was not designed to limit the discretion of the Legislature in prescribing the procedure by which the trial shall be had. Walker v. New Mexico & Southern Pacific R. R. Co., 165 U. S. 593, 17 Sup. Ct. 421, 41 L. Ed. 837. The separate trial of the issue raised by a plea in bar and that raised by a plea of not guilty has long been known in the trial of criminal causes, and it has been held to lie wholly in the discretion of the trial court whether such separate trial shall be had

before the same or different juries. People v. Trimble, 60 Hun, 364, 15 N. Y. Supp. 60, affirmed 131 N. Y. 118, 29 N. E. 1100; People v. Connor, 142 N. Y. 130, 36 N. E. 807.

We can discover no constitutional infirmity in the section of the Code under which the order was made, and, as the court's discretion was properly exercised, the order appealed from must be affirmed, with $10 costs and disbursements. All concur.