CHARLES E. W. SMITH, Appellant, *v.* WESTERN PACIFIC RAILWAY COMPANY, Respondent.

Constitutional law — trial of issues — section 973 of the Code of Civil Procedure constitutional.

The legislature had the right to enact section 973 of the Code of Civil Procedure, permitting the court in its discretion to "order one or more issues to be separately tried prior to any trial of the other issues." The section applies to a case where a party is entitled to a jury trial, whether as of right or as a matter of discretion, and no constitutional right is impaired thereby.

*Smith* v. *Western Pacific Ry. Co.,* 144 App. Div. 180, affirmed.

(Argued November 22, 1911; decided December 19, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 21, 1911, which affirmed an order of Special Term directing the trial of certain issues raised by the pleadings in this action prior to the trial of the remaining issues.

The appellant brought the action to recover a balance claimed to be due on a contract for services. Respondent served an answer containing a general denial, and also setting up as one amongst other affirmative defenses the Statute of Limitations both of the state of New York and of the state of California, and it was of the issues arising under this defense that the court ordered a separate and preliminary trial.

The questions certified to us by the Appellate Division are:

*First.* "Are the provisions of section 973 of the Code of Civil Procedure, if construed to apply to actions in which jury trial is guaranteed by section 2 of article 1 of the State Constitution, invalid so far as thus applied, because in contravention of said section of the Constitution ?"

*Second.* "Does section 973 of the Code of Civil Procedure authorize the court, in its discretion upon compliance with said section, to order the trial of one or more issues in advance of the remaining issues in any action in which jury trial is guaranteed by section 2 of article 1 of the State Constitution ?"

*Thomas B. Hardin* for appellant. Section 973 of the Code is susceptible of two constructions — by one of which it is constitutional and by the other it is unconstitutional. When applied to those cases in which the constitutional right to a trial of the cause before a jury exists, and applied, as in this case, so as to require a trial before two or more separate juries at two or more different times, it is unconstitutional. (*U. S. ex rel. Atty.-*

*Gen.* v. *D. & H. Co.,* 213 U. S. 407; *C. P. R. R. Co.* v. *Gallatin,* 99 U. S. 744; *Steck* v. *C. F. & I. Co.,* 142 N. Y. 250; *Malone* v. *S. P. & P. Church,* 172 N. Y. 269; *Sporza* v. *G. S. Bank,* 192 N. Y. 8; *Matter of Metz* v. *Maddox,* 189 N. Y. 469; *U. S.* v. *T. M. F. Assn.,* 166 U. S. 318.) The constitutional right of trial by jury involves or requires a trial of all the issues of fact in the case by a jury of twelve men, and no more or less. (*McClave* v. *Gibb,* 157 N. Y. 413; *People ex rel. Murray* v. *Justices,* 74 N. Y. 407; *People* v. *Dunn,* 157 N. Y. 535; *Vermilyea* v. *Palmer,* 52 N. Y. 471; *Cancemi* v. *People,* 18 N. Y. 135; *C. T. Co.* v. *Hof,* 174 U. S. 1; *Blair* v. *M. C. Co.,* 123 App. Div. 30; *People* v. *Connor,* 142 N. Y. 130.)

*F. W. McCutcheon* and *C. M. Travis* for respondent. Section 973 of the Code of Civil Procedure is not reasonably susceptible of a construction that would limit its application to cases where trial by jury is not a matter of right. (*Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1; *Johnson* v. *Hudson R. R. R. Co.,* 49 N. Y. 455; *T. M. L. Ry. Co.* v. *Clarke,* 27 Wkly. Rep. 677; *Weed* v. *Tucker,* 19 N. Y. 432; *Acker* v. *Leland,* 109 N. Y. 5; *Wild* v. *Hobson,* 2 V. & B. 105; *Carrick* v. *Young,* 4 Madd. 437; *Miller* v. *Priddon,* 1 McN. & G. 687; *E. S. M. Co.* v. *E. S. M. Co.,* 1 Fed. Rep. 39; *Terry* v. *Davy,* 107 Fed. Rep. 50.) The Constitution confers no right to have all of the issues in a suit at law tried by the same jury. (*People* v. *Connor,* 142 N. Y. 130; *I. Ry. Co.* v. *Massachusetts,* 207 U. S. 79; *People* v. *Dunn,* 157 N. Y. 528; *Walker* v. *N. M. & S. P. R. Co.,* 165 U. S. 593; *Hayes* v. *Missouri,* 120 U. S. 68; *Gibson* v. *Mississippi,* 162 U. S. 565; *People* v. *Meyer,* 162 N. Y. 357; *Stokes* v. *People,* 53 N. Y. 164; *Walter* v. *People,* 32 N. Y. 147.)

HISCOCK, J. Section 973 of the Code provides: "The court in its discretion may order one or more issues to be

separately tried prior to any trial of the other issues in the case."

This action is one in which the parties are constitutionally entitled to a trial by jury. Under the section above quoted the court ordered a separate trial of the issues raised by an affirmative defense of the Statute of Limitations before trial of the other issues involving what are ordinarily defined as the merits of the action. There is no question but that this separate and prior trial was to be before and by a common-law jury of twelve men regularly impanelled, but nevertheless the appellant objects to the order as unauthorized and improper. His objections are, *first,* that the section quoted does not relate to an action where a party is entitled to a jury trial under the Constitution but only to those cases where trials by jury are allowed by legislative action or judicial discretion, and, *second,* that if the section does relate to a case where there is a constitutional right to a jury trial it impairs that right and is, therefore, unconstitutional.

The first objection is almost wholly based on the fact that this section is found in juxtaposition to two sections dealing with trials by jury in the discretion of the court and not as matter of right, with the argument added that if the application of the section is not so restricted it will be unconstitutional.

This contention may be very briefly dismissed. It has no basis to rest on. The section is found in an article which deals with "Issues and the mode of trial thereof;" and which contains sections relating to trials by jury where the right thereto is constitutional as well as those where it is allowed as a matter of discretion and, under the circumstances, the location of the section is a matter of no significance. Moreover, while the argument that statutory provisions are *in pari materia* may at times be of use in solving doubts concerning the application or meaning of a particular provision, it cannot be made the basis

for thwarting the undoubted application and overturning
the clear meaning of a statute. The language of the pro-
vision in question is so plain and comprehensive that this
is what we should do if we adopted the interpretation
urged by appellant.

This brings us to the second proposition, that, if given
the broad application just stated, the act is unconstitu-
tional. With this contention also I am unable to·agree.

The constitutional provision invoked against the act is,
"The trial by jury in all cases in which it has been here-
tofore used shall remain inviolate forever," etc. This,
of course, as asserted by appellant's counsel, secures the
right of trial before a common-law jury of twelve men of
certain classes of issues, which include the ones here
involved.

It is well settled that the object of such a provision is
to preserve the substance of the right of trial by jury
rather than to prescribe the details of the methods by
which it shall be exercised and enjoyed. Thus in *Walker
v. Southern Pacific R. R. Co.* (165 U. S. 593, 596) Judge
BREWER, considering whether a statute of New Mexico
violated the provisions of the United States Constitution
on this subject, said: "The question is whether this act
of the territorial legislature in substance impairs the
right of trial by jury. The Seventh Amendment, indeed,
does not attempt to regulate matters of pleading or prac-
tice, or to determine in what way issues shall be framed
by which questions of fact are to be submitted to a jury.
Its aim is not to preserve mere matters of form and pro-
cedure, but substance of right. This requires that ques-
tions of fact in common law actions shall be settled by a
jury, and that the court shall not assume directly or
indirectly to take from the jury or to itself such preroga-
tive. So long as this substance of right is preserved, the
procedure by which this result shall be reached is wholly
within the discretion of the legislature, and the courts
may not set aside any legislative provision in this respect

because the form of action — the mere manner in which questions are submitted — is different from that which obtained at the common law."

And in *People* v. *Dunn* (157 N. Y. 528, 535) Judge GRAY, expressing the same idea, also succinctly stated the fundamental elements of the trial by jury under the common law and which our Constitution preserved. He wrote: "It is to be observed that our Constitution does not secure to the defendant any particular mode of jury trial, nor any particular method of jury selection.  *  *  * The right was conceded to the citizen (at common law) of having the judgment of an impartial committee, or body, of his fellow-citizens, upon charges involving his life, or his liberty, or his property, and two elements became essential ingredients of the right, viz.: that the jurors should be twelve in number and that they should be capable of deciding the cause fairly and impartially."

Even if we assume, as I think we should, that this section of the Code permits separates trials of separate issues at different times, before different juries, it seems very clear that it does not destroy or impair the substantial right of a litigant to have his case tried before a proper jury, but only prescribes the method in which this may be done.   Every issue is submitted to the verdict of a jury.   This is the substance of the right.   As a matter of convenience the court may order some issues to be tried before others are taken up.   This is a matter of procedure and detail.   The Constitution does not provide, and there should not be interpolated into it a provision, that all of the issues, even though completely separate and distinct, must be tried at one and the same time.   No amount of analysis will disclose any such protection or benefit to a litigant in having all of the issues submitted to a single jury as will render such a right one of the essential ones secured by the Constitution.   On the contrary, it is at once apparent that the convenience of litigants may be much promoted by a prior trial of various

jurisdictional and preliminary issues, and it is to be presumed that courts will so administer the provision in question as to make it remedial and beneficial rather than burdensome.

There are many decisions which in my opinion sustain the view that the legislature had power to enact the section as a regulation of mere procedure and without impairing any constitutional rights and reference will be made to some of them.

In *People* v. *Connor* (142 N. Y. 130) it appeared that the court had ordered the trial first and separately of issues raised by defendant's special plea of a former trial and conviction, and when this had been passed on by the jury adversely to the defendant, the court had directed the trial to proceed before the same jury on the other issues raised by the general plea of not guilty. The defendant objected to the latter step, asking that the trial be suspended after disposition of the first issue, and that he be permitted to examine the jurors before proceeding to the trial of the general issue, thus exactly reversing the position assumed by the present appellant. There was no statutory provision for separate trials of different issues at this time, and this court held that there was no basis for appellant's claim to such a method of procedure, and that the trial must be one continuous proceeding. It did say, however, even under these conditions: "The order in which the issues should be disposed of was a matter in the discretion of the court, which had power to direct them to be tried separately or together." (p. 134.)

In *Stokes* v. *People* (53 N. Y. 164) the court considered the constitutionality of an act which overturned what was claimed to be the rule of the common law that the prior formation or expression of an opinion by a proposed juror conclusively proved want of impartiality, and disqualified him from serving. Said act, however, amply provided that at the time of the trial it must appear that

the proposed juror, notwithstanding such opinion so formed or expressed, was able to render an impartial verdict according to the evidence, and would not be biased or influenced by his prior views. The court, overruling the defendant's plea, said: "While the Constitution secures the right of trial by an impartial jury, the mode of procuring and impanelling such jury is regulated by law, either common or statutory, principally the latter, and it is within the power of the legislature to make, from time to time, such changes in the law as it may deem expedient, taking care to preserve the right of trial by an impartial jury." (p. 173.)

To similar effect is *Hayes* v. *Missouri* (120 U. S. 68, 70).

In the following cases it was held directly, or by necessary inference, that separate trials may be had of preliminary or jurisdictional issues: *Fisher* v. *Fraprie* (125 Mass. 472); *Central of Georgia Ry. Co.* v. *Brown* (38 S. E. Rep. 989); *Jones & Co.* v. *O'Donnell* (9 Ala. 695, 698); *Tyler* v. *Murray* (57 Md. 418, 441).

In *Lavelle* v. *Corrignio* (86 Hun, 135), while that question was not actually decided, it was discussed, and the view expressed that on appeal in a partition action where several distinct and independent issues had been submitted to the jury, one of them incorrectly and the others correctly, a new trial might be granted as to the one without retrial of the others.

The legality of such a course of procedure has, however, fairly been affirmed in *Boyd* v. *Brown* (17 Pick. [Mass.] 453, 461); *Kent* v. *Whitney* (9 Allen [Mass.], 62); *Pratt* v. *Boston H. & L. Co.* (134 Mass. 300); *Leiter* v. *Lyons* (52 Atl. Rep. [R. I.] 78, 81, 82); *McKay* v. *New England, etc., Co.* (44 Atl. Rep. [Me.] 614); *Oberbeck* v. *Mayor* (59 Mo. App. 289, 298).

In the state of Missouri there is a provision in its Practice Act providing for the separate trial of different issues at the same or different terms of court, and so far as appears there has been no judicial opinion that this

provision was a violation of the Missouri Constitution securing the right of trial by jury.

In *People* v. *Trimble* (60 Hun, 364; affirmed, 131 N. Y. 118) the court upheld a conviction for a felony where the issue under plea of former conviction was first tried before one jury and the issues raised by a general plea of not guilty before another jury.

None of the authorities cited by the appellant impair the reasoning or authority of these decisions, and I feel no doubt that the order appealed from should be affirmed, with costs, and the first question certified should be answered in the negative, and the second one in the affirmative.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Order affirmed.