## PEMBERTON v. McADOO.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—RIGHT TO.

In an action to recover an amount claimed by plaintiff to have been overpaid to defendant in a partnership settlement, defendant is entitled to trial, before trial of the other issues, under Code Civ. Proc. § 973, of an issue as to whether a final settlement of partnership affairs was reached, since a determination of that issue in defendant's favor would terminate the litigation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. PARTNERSHIP (§ 311*)—DISSOLUTION—SETTLEMENT—EFFECT.

Several years after final settlement of a partnership one of the members cannot assert a claim against the other arising from affairs included in the settlement, unless the settlement itself be first attacked and set aside.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 718–725; Dec. Dig. § 311.*]

Appeal from Special Term, New York County.

Action by Francis R. Pemberton against William G. McAdoo. From an order denying a separate trial of a single issue in advance of the trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Thomas D. Thacher, for appellant.

Louis S. Posner, for respondent.

SCOTT, J. [1] This is an appeal from an order denying defendant's motion for a separate trial of one of the issues prior to the trial of the other issues. Such an order in a proper case is distinctly provided for by section 973, Code Civil Procedure, and the practice has been approved by this court and the Court of Appeals. Smith v. Western Railway Company, 144 App. Div. 180, 128 N. Y. Supp. 966, affirmed by Court of Appeals, 96 N. E. 1106.

[2] In the present action the complaint alleges that plaintiff and defendant were copartners in business, and that in May, 1899, they

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

agreed upon a statement of their partnership assets and accounts down to that date; that by this statement it was agreed that a certain debt owed by plaintiff to one Harrison should be paid out of the partnership assets as follows: $12,000 in cash, and $15,000 in three notes of $5,000 each, payable September 1, 1901, September 1, 1902, and September 1, 1903; that the cash payment and the first note were paid out of the partnership; that thereafter the firm assets were divided, but such division was made in oversight by plaintiff that there were outstanding two notes which should have been paid out of the firm assets; that those notes were afterwards paid by plaintiff; that the firm assets so divided much exceeded the sum of $10,000 represented by said two notes. Upon this statement of facts plaintiff's claim is that he should recover $5,000, with interest, being the amount which, as it is claimed, defendant was overpaid.

It is to be observed that the complaint does not allege that the accounts between the partners were adjusted and settled when the firm assets were divided. The answer, by way of a separate defense, sets up that, after the mutual statement of 1899, the parties continued in business as copartners until May, 1902, when the assets were divided, and that at the time of said division the plaintiff and defendant "mutually agreed and intended that said division should operate as a dissolution of said firm, and a final settlement of their respective interests in the said firm and its property and assets, and of all claims and other matters between the plaintiff and defendant relating to said partnership." It is the issue raised by this defense that defendant desires to try separately and before the trial of the other issues.

It is manifest that, if such a trial should be had and should result favorably to defendant, this litigation would be at an end, and there would be no occasion for going into the probably long and involved trial of the other issues.

If the accounts between the parties were finally settled by mutual consent in May, 1902, it is too late for one party to assert a claim against the other arising out of the partnership affairs included in the settlement, unless the settlement itself be first attacked and set aside. The complaint does not seek to set aside any settled account between the parties, nor does it contain the necessary allegations to avoid such a settlement if one was made. It ignores any such settlement, and proceeds as if none had been made. As the pleadings now stand, if one was made as defendant avers, the complaint is answered. In support of its plea of a final settlement of the mutual accounts, defendant now exhibits and proposes to prove on the trial the record of a final judgment in an action between these same parties wherein it was adjudged inter alia that at the time of the division of the firm assets the "accounts between the plaintiff and defendant relating to the affairs of said firm were finally and completely settled," and "that there was no fraud or mistake in the division of said property and assets or the settlement of said accounts." This record defendant proposes to introduce as conclusive evidence in support of his plea that the accounts were finally settled and stated. So far as we can now see, it would be such evidence, for plaintiff does not disclose, nor is he now called upon to do so, how he expects to meet the separate defense.

As the matter comes before us on this appeal, this appears to be a peculiarly appropriate case for the application of section 973, Code Civil Procedure. The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted that the issues raised by the "further defense" contained in the answer, constituting paragraph 5 of said answer, be separately tried prior to any trial of the other issues in the case. All concur. ‾