(157 App. Div. 289.)

### JOHNSON v. JOHNSON.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

1. PARENT AND CHILD (§ 3*)—AGREEMENT TO SUPPORT CHILD—LIABILITY.

Where a father has contracted to pay a third person a specified sum for the support of a child, the contract as against the third person controls until impeached and set aside.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

2. TRIAL (§ 3*)—ACTION AT LAW—EQUITABLE COUNTERCLAIM—TRIALS.

Under Code Civ. Proc. § 974, authorizing the court to order one or more issues to be separately tried prior to a trial of the other issues in the case, a defendant in an action at law who interposes an equitable counterclaim is entitled, as a matter of right, or in the exercise of a wise discretion of the court, to a separate trial thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

3. HUSBAND AND WIFE (§ 281*)—SEPARATION AGREEMENT—FRAUD—SUPPORT OF CHILD.

A husband who is induced by fraud to sign a separation agreement stipulating that he shall pay to the wife a weekly sum for her support, while he intends that the weekly sum shall be not only for her support but for the support of a child living with her, may, when sued at law by the wife for expense incurred by her for the support of the child, avoid the agreement.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

4. SET-OFF AND COUNTERCLAIM (§ 41*)—REFORMATION OF CONTRACT—MUTUAL MISTAKE.

Under Code Civ. Proc. § 501, providing that a counterclaim must arise out of the contract or transaction sued on, or, in an action on contract, any other cause of action on contract existing at the commencement of the action, a husband living separate from his wife under a separation agreement executed by the parties and a third person, whereby he agreed to pay a weekly sum for the support of the wife, may not, when sued by the wife for expense incurred by her in supporting a child of the parties, avail himself of the right to reform the contract on the ground of mutual mistake for failing to provide that the weekly sum should include the support of the child as well as the support of the wife, for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the third person is a necessary party to any action to reform the agreement.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 76–79, 81; Dec. Dig. § 41.*]

5. PARTIES (§ 84*)—DEFECT OF PARTIES—OBJECTIONS.

Where a third person is a necessary party to a suit to reform an agreement, the failure to raise the objection of defect of parties is immaterial.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142, 171; Dec. Dig. § 84.*]

6. PARTIES (§ 51*)—NECESSARY PARTIES.

Where a plaintiff's cause of action is complete against defendant alone, the court, against plaintiff's objection, may not compel the bringing in of a third person who is neither a necessary nor an appropriate party to the determination of plaintiff's cause of action, to enable defendant to litigate an independent cause of action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from Special Term, Kings County.

Action by Esther Jennie Johnson against Wilbur C. Johnson. From an order denying a motion for a separate trial of issues raised by the counterclaim and reply thereto and to stay the trial of plaintiff's cause of action until the determination of the issues, defendant appeals. Affirmed without prejudice.

See, also, 151 App. Div. 545, 136 N. Y. Supp. 249.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

James S. Darcy, of New York City (Henry Smith, of New York City, on the brief), for appellant.

E. Crosby Kindleberger, of New York City, for respondent.

BURR, J. On April 22, 1902, a tripartite agreement was entered into between plaintiff, defendant, and John F. Carson, as trustee of plaintiff, in accordance with which plaintiff, defendant's wife, has been living separate and apart from him. By the terms of this agreement defendant was to pay "for and towards the better support and maintenance of his said wife the sum of twenty-five dollars at the beginning of each and every week." Plaintiff agreed to accept such sum "in full satisfaction for her support and maintenance and all alimony whatever." Plaintiff admits that she has received the sum agreed to be paid. There was one child, a daughter, the issue of the marriage between plaintiff and defendant. No mention of or reference to said child is contained in said agreement. In her complaint plaintiff alleges that since January 10, 1907, she has expended for the board, shelter, clothing, and education of said child the sum of $3,500, for which she seeks recovery.

[1] It may be that if defendant has omitted to provide for his daughter's support and maintenance, and if plaintiff establishes that she has necessarily expended the sum named for the purpose designated out of her own estate, defendant will be held liable. De Brauwere v. De Brauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (N.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

S.) 508, affirming 144 App. Div. 521, 129 N. Y. Supp. 587. Where, however, a father has entered into an agreement with a person to support his child for a specified sum, as to that person at least the terms of the contract control until impeached or set aside. Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062. Defendant asserts that such a contract was entered into between himself and plaintiff; that the separation agreement above referred to was intended to contain a provision that the sum of $25 a week, which he was to pay plaintiff, was to be used not only for her support but also for the support and education of said child; and that, intending to express the same in said agreement, by mutual mistake of the parties thereto it was omitted therefrom. Pleading these facts both by way of defense and as an equitable counterclaim, defendant asks to have the said agreement reformed to express the real intent and meaning of the parties thereto. The reply denies the allegations contained in the answer by way of counterclaim, and also pleads the statute of limitations. After issue joined, defendant moved for a separate trial at Special Term of the issues raised by the counterclaim in his answer and the reply thereto, and also asked that the trial of plaintiff's cause of action be stayed until the determination thereof. From an order denying said motion, defendant appeals.

[2] If defendant by the interposition of an equitable counterclaim to plaintiff's cause of action could raise the questions which he has sought to raise thereby, we think that the motion should have been granted as matter of right (Code Civ. Proc. § 974; Thomas v. Bronx Realty Co., 60 App. Div. 365, 70 N. Y. Supp. 206; Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115; Wasserman v. Taubin, 129 App. Div. 691, 114 N. Y. Supp. 447; Rubenstein v. Radt, 133 App. Div. 57, 117 N. Y. Supp. 893), but, if not of right, in the exercise of a wise discretion (Pemberton v. McAdoo, 149 App. Div. 20, 133 N. Y. Supp. 627; Smith v. Western Pacific Ry. Co., 144 App. Div. 180, 128 N. Y. Supp. 966, affirmed 203 N. Y. 499, 96 N. E. 1106, 40 L. R. A. [N. S.] 137, Ann. Cas. 1913B, 264).

[3] The facts pleaded by defendant are not available as a defense to plaintiff's cause of action. If defendant's signature to the agreement referred to had been obtained by fraud, then he would not be controlled by its provisions, because it was not his contract, and that defense would be open and available to him in any action at law brought thereon. Bennett v. Edison Electric Illuminating Co., 164 N. Y. 131, 58 N. E. 7. If the opinion in that case, written at the Appellate Division, leaves it in doubt whether defendant's contention was that the written contract there considered followed fraud or mutual mistake (Bennett v. Edison Electric Illuminating Co., 18 App. Div. 410, 46 N. Y. Supp. 459), the opinion in the Court of Appeals clearly indicates that it was based upon fraud alone. The same learned justice who wrote for this court in Bennett v. Edison Electric Illuminating Co., writing for a unanimous court in Thomas v. Bronx Realty Co., supra, pointed out the distinction between a case where it was claimed that a written contract in its existing form was the result of fraud, and one where it followed mutual mistake, in language as follows:

"We are of opinion that the pleading constitutes an equitable counterclaim under the provisions of section 974 of the Code of Civil Procedure, and under its provisions the defendant is entitled to the trial of such issue at the Special Term. Nothing which appears in Bennett v. Edison Electric Ill. Co., 164 N. Y. 131, 58 N. E. 7, conflicts with this view. The counterclaim averred in that action asked for the reformation of the contract sued upon, on the ground that defendant had been induced to execute the same through fraud practiced upon it, and this, if found as a fact, was available to defendant as a defense. It needed no reformation of the contract, because, if the allegations of the answer were true, all basis for the action would fail, as there would exist no valid contract between the parties. In the present case, however, as the contract sued upon is complete upon its face, the plaintiff shows himself entitled to recover. The effect, therefore, of the averments in the counterclaim, is to show the omission of matter which constitutes a part of the agreement between the parties, and which, if true, will furnish a complete answer to the plaintiff's claim for damages for the breach. Without this reformation, defendant may not avail himself of such matter as a defense. It is therefore evident that he is entitled to a trial of this issue at Special Term."

In Pemberton v. McAdoo, supra, the wisdom of directing not only a separate but a prior trial of such issues is pointed out in these words:

"It is manifest that, if such a trial should be had and should result favorably to defendant, this litigation would be at an end, and there would be no occasion for going into the probably long and involved trial of the other issues."

[4] The difficulty with appellant's position, however, is that he cannot avail himself of any right that he may have to a reformation of this contract upon the equitable ground of mutual mistake in this action. A counterclaim "must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, * * * and in favor of the defendant, * * * between whom and the plaintiff a separate judgment may be had in the action." It must also be:

"(1) A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action on contract, any other cause of action on contract, existing at the commencement of the action." Code Civ. Proc. § 501.

Manifestly this counterclaim is not included in the classification under subdivision 2 of that section. It is not necessary for us to decide whether defendant's cause of action to reform the separation agreement is one "connected with the subject of the action" brought by plaintiff. The cause of action is not one against the plaintiff alone, nor may a separate judgment be had thereon between defendant and plaintiff. There is a third party to the separation agreement, the trustee named therein, who is a necessary party to any action brought to reform the same. Galusha v. Galusha, supra.

[5] Nor does the failure to raise the objection of a defect of parties on the part of the plaintiff alter the situation. In the case last cited, the court, speaking of the necessity to make the trustee a party to an action of that character, said:

"If an action were directly brought to set aside the deed without making him a party, it would be the duty of the court, upon its own motion, to stay

its prosecution until he could be brought in, even if the nonjoinder was not pleaded."

See, also, McCulloch v. Vibbard, 51 Hun, 227, 4 N. Y. Supp. 202; Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350.

[6] It is true that in the prayer for relief, contained in defendant's answer, he asks that "if necessary said John F. Carson, as trustee, may be made a party to this action." But if plaintiff's cause of action is complete against defendant alone, against her objection the court has no power to compel another party to be brought in who would be neither a necessary nor appropriate party to the determination of plaintiff's cause of action in order to enable defendant to litigate an independent cause of action, even although it might be connected with the subject-matter of plaintiff's claim. Defendant must seek relief by an independent action, and not by the interposition of an equitable counterclaim in his answer.

It follows therefore that the order must be affirmed, with $10 costs and disbursements, but without prejudice to an application by defendant to this court at Special Term to stay the trial of this action until such equitable action is heard and determined, provided it is seasonably brought. All concur.