WARD et al. v. UNION TRUST CO. OF NEW YORK. (No. 6882.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

1. CONTRACTS ☞328—ACTIONS—DEFENSES.
    Defendant sued on a contract may, without obtaining a decree annulling it, defend on the ground that his signature was induced by fraud, or that the contract was for any reason void as for want of consideration or failure of delivery.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1571–1584; Dec. Dig. ☞328.]

2. EVIDENCE ☞429—WRITTEN CONTRACTS—PAROL EVIDENCE OF INVALIDITY.
    In an action at law based on a contract in writing, the defendant may show that there is no contract in fact, because the minds of the parties never met in executing the writing as pleaded.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1969–1971, 1973, 1974; Dec. Dig. ☞429.]

3. TRIAL ☞3—SEPARATE ISSUES.
    In an action on a lease, where defendant admits the execution of the lease and pleads as a separate defense, and "by way of counterclaim," that by negotiations preliminary to the lease it was agreed that the lessee was to pay the taxes only for certain years named, and that by mutual mistake the lease imperfectly described the common intent of the parties, and prays for reformation to provide specifically that the lessee was only to pay the taxes as set up in the counterclaim, a motion by plaintiff for an order directing a separate trial of the equitable issues presented by the counterclaim was improperly denied.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ☞3.]

Appeal from Special Term, New York County.

Action by J. Langdon Ward and others, as trustees, against the Union Trust Company of New York. From an order denying their motion for a separate trial of the issues arising on a counterclaim pleaded by defendant, plaintiffs appeal. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. K. Post, of New York City, for appellants.

Wolcott G. Lane, of New York City (Charles A. Sawyer, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action on a lease in writing and under seal, executed on the 2d day of December, 1908, by the then trustees under the will of the plaintiffs' testatrix to the Plaza Bank, by which they leased to the bank the premises known as Nos. 2 and 4 West Fifty-Eighth street, in the borough of Manhattan, New York, for a term commencing at noon on the 1st day of May, 1909, and ending at the same hour on the 1st day of May, 1914. The defendant succeeded, by merger, to the rights and obligations of the Plaza Bank under said lease, on the 22d day of December, 1911. It is provided in the lease that the lessee should pay the rent reserved and "pay and discharge all annual taxes as shall during said term be imposed on said premises hereby demised, as soon as they become due and payable." The plaintiffs allege that the annual taxes for the year 1914, aggregating $10,235, were duly imposed upon the premises on the 27th day of March, 1914, and that one-half thereof became due and payable on the 1st day of May, 1914, at half past 9 o'clock in the forenoon, "and the other half of the said taxes became payable at the same time," and that defendant has failed and refused to pay the same, or any part thereof; that the 29th day of May, 1914, was the last day on which the first half of the taxes could be paid, without penalty or interest; and that on that day, after the refusal of the defendant to pay the taxes, the plaintiffs paid the receiver of taxes the sum of $5,-117.50, being one-half of the whole amount. Judgment is demanded against the defendant for the entire amount of the taxes, together with interest on one half of the amount from the 29th day of May, 1914, and on the other half from the 1st day of November, 1914.

The defendant admits the execution of the lease, and that by merger it became liable on the covenants and agreements of the lessee, and pleads as a separate defense and "by way of counterclaim" that by the negotiations between the parties preliminary to the execution of the lease it was understood and agreed that the lessee was to pay the taxes only for the years 1909 to 1913, inclusive; that the trustees undertook to draw the lease in accordance with said agreement, but in so doing "used language which inadequately and imperfectly described the common intention of the said trustees and the said Plaza Bank" on this point, and "that by mutual mistake the said trustees and the said Plaza Bank executed and delivered the said lease with the language of the same inadequately and imperfectly describing their common intention as aforesaid"; and prays that the provisions of the lease with respect to the payment of taxes be reformed, so as to provide specifically that the lessee was to pay and discharge the annual taxes for said five years only, and pleads a formal provision for thus reforming the lease, and demands judgment for its reformation in accordance therewith, and for a dismissal of the complaint.

The plaintiffs replied, putting in issue the allegations of the counterclaim upon which the reformation of the lease is demanded, and thereupon moved for an order directing a separate trial of the equitable

issues presented by the counterclaim, and staying the trial of the other issues in the meantime; and they appeal from the order denying the motion.

The learned counsel for the defendant, in opposing the motion and in attempting to sustain the order, relied upon dicta in the opinions in certain decisions in the Court of Appeals and in the Appellate Division, which tend to sustain his contention that a party to a contract in writing may, without having the contract reformed, defend an action brought thereon on the ground that the agreement as reduced to writing does not express the true agreement of the parties, but which, when considered in the light of the facts presented by those cases, and the points decided therein, do not sustain it.

[1, 2] It has always been the rule that a party sued on a contract may, without obtaining a decree annulling it, defend on the ground that his signature thereto was induced by fraud, which, if established, vitiates the contract, or on the ground that the instrument purporting to be a contract was, for any reason, void, or that it never became a binding obligation, as for want of consideration or failure of delivery. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Bennett v. Edison Electric Ill. Co., 164 N. Y. 131, 58 N. E. 7; Johnson v. Johnson, 157 App. Div. 289, 291, 142 N. Y. Supp. 416. It has also been held that in an action at law based on a contract in writing the defendant may show, to avoid liability, that the minds of the parties did not meet on the contract as pleaded, and that therefore the alleged contract was never made. Walker v. American Central Ins. Co., 143 N. Y. 167, 38 N. E. 106; City of New York v. Dowd Lumber Co., 140 App. Div. 358, 125 N. Y. Supp. 394. See, also, Cohen v. Am. Surety Co., 129 App. Div. 166, 113 N. Y. Supp. 375. And it was held in this department, by a divided court, that it may be shown in defense of such an action that the minds of the parties did not meet with respect to a particular provision of a contract in writing, and that therefore such provision came into the contract through inadvertence or mistake and was not binding. Lowenthal v. Haines, 160 App. Div. 503, 145 N. Y. Supp. 579. None of those authorities, however, sustain the contention made in behalf of the respondent that a defendant may admit the execution and validity of a contract in writing, and at the same time, without reforming it, show in defense to the action at law thereon, not that there was *no* agreement at all on a particular subject embraced in the contract, but that the agreement thereon negotiated by the parties was not as evidenced by the writing; and all of the authorities are, I think, to the contrary. Born v. Schrenkeisen, et al., 110 N. Y. 55, 17 N. E. 339; Studwell v. Bush, 206 N. Y. 416, 100 N. E. 129; Thomas v. Scutt, supra; City of New York v. Matthews, 156 App. Div. 490, 141 N. Y. Supp. 432; Rubenstein v. Radt, 133 App. Div. 57, 117 N. Y. Supp. 893; Johnson v. Johnson, supra; Kraus v. Smolen, 46 Misc. Rep. 463, 92 N. Y. Supp. 329.

[3] If the doctrine for which counsel for the respondent contend were to prevail, then in every action at law based on a contract in writing it would be open to the defendant to claim before a jury that certain agreements upon which the minds of the parties met in the preliminary negotiations were through inadvertence or by mistake omit-

ted from the formal contract, and thus contracts, without being reformed, would always be subject to such defenses, and no contract which a jury would consider inequitable or unjust or harsh could ever be enforced. There is no precedent for such a theory, and none should be established. If the agreement, as reduced to writing, does not embody the agreement of the parties with respect to the payment of the taxes, then a court of equity should reform it, and, as reformed, it will be a complete defense to the action. In such case, our practice requires that the issue arising on the equitable counterclaim should be tried first. Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115; Brody, Adler & Koch Co. v. Hochstadter, No. 1, 150 App. Div. 527, 135 N. Y. Supp. 550; Harrison v. Loeser, 164 App. Div. 116, 149 N. Y. Supp. 491; Epstein v. Rockville Centre Imp. Co., 164 App. Div. 177, 149 N. Y. Supp. 638. If the defendant, having opposed the motion for the separate trial of its counterclaim, insisted upon the trial of the issues raised by the complaint and answer first, the evidence upon which it relies would be inadmissible as a defense to the action for the taxes. The defendant could, of course, waive its counterclaim; but, as it would then have no defense, it is manifest that it did not intend to do so. The plaintiffs, therefore, pursued the proper practice, and their motion should have been granted.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.