### TERRYBERRY v. LEHIGH VALLEY R. CO.

(Supreme Court, Special Term, Niagara County. March 29, 1915.)

TRIAL ☞3—ISSUES—TRIAL OF SEPARATE ISSUES.

Under Code Civ. Proc. § 973, declaring that the court may in its discretion order one issue to be tried before trial of others, a motion in a personal injury action for a separate trial on the issue of release is improperly refused, where there was a substantial issue, and it appeared that defendant's claim of release would be supported by evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ☞3.]

Action by Frank A. Terryberry against the Lehigh Valley Railroad Company. Defendant moves on the pleadings for a separate trial of a single issue. Motion to stand over.

Thomas R. Wheeler, of Buffalo, for the motion. ··
J. Frank Smith, of Lockport, opposed.

POUND, J. This is an action for personal injuries. Defendant pleads, inter alia, a release. Plaintiff replies, by order of the court, that no release was executed by him as such. Defendant moves, under Code Civ. Proc. § 973, for a trial of said issue separately, prior to any trial of the other issues in the case.

The practice of granting orders for separate trials in such cases has been upheld as constitutional by the Court of Appeals. Smith v. Western Pacific R. Co., 144 .App. Div. 180, 128 N. Y. Supp. 966, affirmed 203 N. Y. 499, 96 N. E. 1106, 40 L. R. A. (N. S.) 137, Ann. Cas. 1913B, 264. Orders *denying* motions for separate trials have been *reversed* in the First and Second departments, although the Code section says "the court *in its discretion*" may make such orders. Pemberton v. McAdoo, 149 App. Div. 20, 133 N. Y. Supp. 627; Warner v. Star Co., 162 App. Div. 458, 147 N. Y. Supp. 803. In the case last cited, as in this, the issue was the validity of a release of claim for personal injuries.

The conclusion seems inevitable that it is held in substance in the cases cited, supra, to be an abuse of discretion to refuse to grant a separate trial in a case where it appears that the issue, if determined adversely to the defendant, will end the litigation and render a trial of the merits unnecessary, and the plea has a reasonable basis on which to rest, is not interposed for delay, and does not involve a trial of the merits (Smith v. Western Pacific Ry. Co., supra); but I am of the opinion that, in the discretion of the court, it should appear in this case by affidavits (1) that there is a substantial question of fact, not a mere issue on the pleadings, and (2) that defendant's claim that the release was signed by plaintiff with full knowledge of its contents and purpose will be supported by evidence.

Under Code Civ. Proc. § 768, let the motion stand over until April 10th. Defendant may pay $10 and serve affidavits on or before April 3d. Answering affidavits, if any, to be served on or before April 7, 1915.