MAX MAAG, Doing Business under the Name of " ZAHNRADER-
FABRIK, MAX MAAG," Respondent, v. MAAG GEAR COM-
PANY, Appellant.

First Department, November 12, 1920.

**Trial — counterclaims in suit in equity raising legal issues — when
defendant entitled to have issues raised by counterclaims settled
for trial by jury.**

Where in answer to a suit in equity seeking a recovery of certain stock to
which the plaintiff is entitled for furnishing machinery to the defendant
and for assigning certain patent rights, the defendant denies full perform-
ance by the plaintiff and sets up legal counterclaims for alleged damages
sustained through the plaintiff's failure to deliver the machinery as agreed,
etc., which counterclaims are put in issue by the plaintiff's reply thereto,
the defendant is entitled as a matter of right to have the legal issues raised
by the counterclaims settled for a trial by jury.

SMITH, J., dissents, with memorandum.

APPEAL by the defendant, Maag Gear Company, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 3d day of May, 1920, denying defendant's
motion to have the issues raised by the counterclaims set up
by the defendant in its answer and the reply of the plaintiff
thereto tried by a jury.

*Paul N. Turner,* for the appellant.

*Francis L. Archer* of counsel [*Henry Escher, Jr.,* attorney],
for the respondent.

LAUGHLIN, J.:

This is a suit in equity for the recovery of ninety shares of
the capital stock of the defendant corporation to which the
plaintiff claims to be entitled by virtue of an agreement in
writing between the parties and Albert T. Otto & Sons, Inc,
under date of April 1, 1915, under which the plaintiff agreed
to make certain payments, and to furnish and deliver to the
defendant certain machines and machinery and to assign
and transfer to the defendant for its exclusive use in the

First Department, November, 1920.          [Vol. 193.

United States certain gear patents and applications for patents. Plaintiff alleges due performance of all of the provisions on his part,. including the delivery of the machines and machinery and the making of the payments entitling him under the contract to receive one-half or 600 shares of the capital stock of the defendant; that only 510 shares have been delivered, and that although due demand has been made therefor, defendant has failed and refused and still refuses to deliver the remaining 90 shares. Judgment is demanded for delivery of the stock and enjoining and restraining the defendant from transferring it to another during the pendency of the action. The answer puts in issue the allegations of the complaint with respect to performance of the contract by the plaintiff, and alleges that he has failed and neglected to perform it; and for counterclaims it is alleged that the defendant has sustained damages in the sum of $25,000 through plaintiff's failure to deliver machines and machinery as agreed, and in the sum of $10,000 through the delivery by the plaintiff of machines which were not in accordance with the contract and which did not perform the functions intended until changed, altered and repaired at the expenditure of that amount by the defendant. Plaintiff replied, putting in issue the material allegations of the counterclaims.

Thus it appears that the suit is in equity and that the defendant has interposed legal counterclaims, which, since they are alleged to have arisen out of the contract on which the action is based, and, if established, will show that the plaintiff has breached the contract and, therefore, is not entitled to have all of the stock delivered to him, and perhaps none of it, until he performs the contract or pays the damages, as a substitute for performance, and consequently the counterclaims, if established, will tend to defeat or diminish plaintiff's right to recover. (Code Civ. Proc. § 501.) But if this were not so, the point as to whether these are proper counterclaims is not presented for decision. They are causes of action in favor of the defendant for the recovery of money and the plaintiff has acquiesced in their being interposed as counterclaims herein without challenging the right of the defendants to plead them, and has joined issues of fact thereon. In these circumstances, the defendant, by its motion to settle the

issues arising on the counterclaims and the reply thereto, presents only the question as to whether or not it is entitled to have the issues of fact thus arising settled for trial by a jury.

The motion for the settlement of the issues was timely made under rule 31 of the General Rules of Practice. The learned counsel for the appellant insists that it is entitled as matter of right to have the issues settled pursuant to the provisions of section 970 of the Code of Civil Procedure, on the ground that it has a *statutory* right, by virtue of the provisions of sections 968 and 974, to have the issues of fact arising on the counterclaim, which are for the recovery of money only, and the reply thereto, tried by a jury. Counsel for the appellant contends that the decisions on the point as to whether the defendant in an equitable action who interposes a legal counterclaim is entitled as matter of right to a jury trial of the issues arising on the counterclaim, provided he timely moves for the settlement thereof, are not in harmony. There are observations in the opinions of the courts which, taken by themselves, do not appear to be wholly consistent on this point, but when considered, as they should be, in the light of the facts and points presented for adjudication and decision, they are, I think, substantially in accord. In *Roslyn Heights Land Co.* v. *Burrowe* (76 Hun, 62) and in *Herb* v. *Metropolitan Hospital* (80 App. Div. 145) it was held that in such case the defendant is entitled as matter of right to a jury trial of the issues arising on the counterclaim provided he duly moves therefor within the time prescribed by rule 31 of the General Rules of Practice; and although the members of this court differed on other points presented in *Herb* v. *Metropolitan Hospital* (*supra*) there was no difference of opinion on the point that this was a strictly legal right not resting in the discretion of the court, provided the motion for the settlement of the issues was timely made. Counsel for appellant contends that the decision of this court in *Manhattan Life Insurance Co.* v. *Hammerstein Opera Co.* (184 App. Div. 440) is in conflict with those decisions. In that he is in error. We there affirmed an order which denied such a motion on the ground that it was not made within the time prescribed by said rule; but on that appeal it was contended that there was a *constitutional* right to a trial by jury of the

issues arising on the counterclaim and that, therefore, a failure to comply with said rule did not constitute a waiver of or deprive the defendant of that right. Our opinion was confined to this point, and to showing that there is not a constitutional right to trial by a jury of the issues of fact arising on a legal counterclaim in a suit in equity and that, therefore, the decision of the Court of Appeals in *Moot* v. *Moot* (214 N. Y. 204) to the effect that, where such a constitutional right exists, a party does not waive or lose the right by a failure to make a motion for the settlement of the issues within the time prescribed by the rule, was not applicable. If we had intended by our decision in *Manhattan Life Insurance Co.* v. *Hammerstein Opera Co.* (*supra*) to overrule the earlier decisions holding, in effect, that where the right to a jury trial of the issues thus arising is not preserved or given by the Constitution, but rests on a statute, the rule governs and must be complied with, we would have referred to and would have considered those decisions. By affirming the order in that case, which was predicated on the waiver and loss of the right to a jury trial of the issues by failure to comply with rule 31, we, however, set at rest a point on which the members of this court differed in *Herb* v. *Metropolitan Hospital* (*supra*).

The counterclaims apparently involve the issues of fact upon which the plaintiff's claim to be entitled to the delivery of the stock, or at least to a delivery of part of it, depends, for it appears by the contract that he was to pay for the stock in part by the delivery of the machines and machinery which defendant contends he did not deliver in accordance with the contract. It would, therefore, seem that the issues arising on the denials in the answer of performance of the contract by the plaintiff are the same, in part at least, as the issues arising on the counterclaims. This brings the case within the rule that the court will not ordinarily exercise its discretion under section 973 of the Code of Civil Procedure to order the issues arising on counterclaims to be tried prior to the trial of the issues arising on the complaint. (*Smith* v. *Western Pacific R. Co.*, 144 App. Div. 180; affd., 203 N. Y. 499.) But no motion has yet been made for a separate trial of the issues arising on the complaint or on the counterclaims before

the trial of the other issues, and that is a matter with which we are not now concerned.

When the issues arising on the counterclaims are so settled, if the issues arising on the complaint are reached for trial first, or should be ordered tried first under section 973, that would, in effect, constitute a severance of the issues as if defendant had brought a separate action on its counterclaim. We are of opinion, therefore, that defendant was entitled as matter of right to have its motion for the settlement of the issues granted.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., dissents upon the ground that in his opinion the counterclaim is not a proper counterclaim because it does not tend to defeat or diminish the plaintiff's recovery.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.