WILLIAM D. DEL-WIT, Respondent, v. NORWICH PHARMACAL COMPANY, Appellant.— Judgment entered on direction of verdict modified by reducing the same to sixty-five dollars and seventy-five cents, with costs, but with costs of this appeal to defendant; and as thus modified, with offsets of costs, the judgment and the order are affirmed. The terms of the contract of employment clearly made plaintiff's commissions payable when the goods should be shipped, and not before. The failure to take the undelivered goods was not due to the defendant. Putnam, Jaycox and Manning, JJ., concur; Blackmar, P. J., and Kelly, J., dissent and vote for affirmance.

JAMES B. FISHER, Respondent, v. LONG ISLAND INVESTMENT AND IMPROVEMENT COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

HARRY GOLDMAN, Respondent, v. GUSTAV J. L. DOERSCHUCK, Appellant.— Judgment reversed and a new trial granted, with costs to defendant to abide the event. In view of the failure to reply, defendant's counterclaim for the equitable relief of a reformation of the lease for mutual mistake in respect to the clause reserving rent, stood admitted. If the new matter had sought merely to destroy plaintiff's claim, no reply would be required. (*Walker* v. *A. C. Ins. Co.*, 143 N. Y. 167.) But this counterclaim did more, as defendant might obtain affirmative relief on the reformed instrument. Should plaintiff hereafter obtain from the Special Term leave to interpose a reply, the equitable issue thus raised should have a separate trial under Civil Practice Act, section 424. (*Ward* v. *Union Trust Co.*, 166 App. Div. 762.) Blackmar, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concur.

DANIEL HOOLEY, Respondent, v. NEW YORK MARINE COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ., concur.

JAMES IMBRIE and Others, Copartners, etc., Respondents, v. D. NAGASE & COMPANY, LIMITED, Appellant. (Action No. 2.) — The first and second causes of action being sufficient upon their face, the order is affirmed, with ten dollars costs and disbursements. Blackmar, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concur.

In the Matter of the Judicial Settlement of the Account and Proceedings of WILLIAM M. HUCKEL, as Trustee under the Last Will and Testament of SUSAN CORNWALL, Deceased, Respondent. MARY M. ERNST and Another, Appellants.— Decree of the Surrogate's Court of Queens county affirmed, with costs payable out of the estate. No opinion. Blackmar, P. J., Mills, Putnam, Kelly and Manning, JJ., concur.

In the Matter of the Last Will and Testament of ALFRED A. ROBBINS, Late of the County of Kings, State of New York, Deceased, etc. NATIONAL TEMPERANCE SOCIETY AND PUBLICATION HOUSE and ANNA B. ROBBINS, Appellants, Respondents; WILLIAM SETON GORDON, as Sole Surviving Executor, etc., and Others, Respondents.— Decree of the Surrogate's Court of Kings county affirmed, with costs to all parties who have appeared payable out of the estate. No opinion. Blackmar, P. J., Mills, Putnam and Manning, JJ., concur; Kelly, J., dissents on the ground that the words used by the testator, " Subject, however, as follows " apply to all that goes before, and that all of the following legacies down to the final residuary legacy are of equal rank and take precedence over the provisions for the widow.