The Commercial Trust Company of New York, Appellant,
*v.* Columbia Trust Company, Respondent.

First Department, May 17, 1918.

**Trial — when separate trial of issues should not be granted.**

Where, in an action to rescind a contract for fraud and to compel the return
of moneys paid thereunder, the defendant interposes a general denial
and as a separate defense alleges that after a full knowledge of the facts
claimed by the plaintiff to have been falsely alleged and fraudulently
concealed, the latter ratified the contract by receiving payments and by
prosecuting an action thereon, a separate trial of the issues raised by the
defense should not be directed, as the evidence relevant thereto would
also be involved in the trial of the other issues.

The discretion of the court to order a separate trial of such issues should
only be exercised where the issue ordered to be separately tried is so
independent of the other issues that its trial will in no way involve the
trial of the issues to be thereafter tried, and where the determination of
that issue will satisfactorily and with practical certainty dispose of the
case if decided for defendant.

Appeal by the plaintiff, The Commercial Trust Company
of New York, from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the
clerk of the county of New York on the 3d day of November,
1917, directing a special trial to be had of the issues raised
by the third separate and complete defense set forth in
defendant's second amended answer.

*Lemuel E. Quigg* of counsel [*Thomas H. Keogh*, attorney],
for the appellant.

*Julien T. Davies* of counsel [*Brainard Tolles* and *Martin A.
Schenck* with him on the brief; *Davies, Auerbach & Cornell*,
attorneys], for the respondent.

Smith, J.:

The defendant trust company is the successor of the
Knickerbocker Trust Company with which it was merged in
1908 and by which merger it assumed all the liabilities of
the Knickerbocker Trust Company. The cause of action
alleged in plaintiff's complaint is one to rescind a certain

contract for fraud and to compel the return of moneys which were paid to the Knickerbocker Trust Company pursuant to said fraudulent agreement, less the amount of money received from the Columbia Trust Company and the Knickerbocker Trust Company upon said agreement. By the agreement sought to be rescinded as fraudulent, it is provided that this plaintiff should participate with the said Knickerbocker Trust Company to the extent of $150,000 in the loan to be given to the American Silk Company for the purpose of enabling the silk company to carry on its business, and it is alleged that such agreement of participation by the plaintiff was induced by the false and fraudulent representations of the said Knickerbocker Trust Company in part in falsely representing the assets of said American Silk Company and also in fraudulently concealing from the plaintiff the fact that certain companies whose assets were owned and controlled by the American Silk Company, and for whose liability the said silk company became responsible, were largely indebted to the Knickerbocker Trust Company, and that the said loan agreement was made for the purpose of giving credit to the said American Silk Company to the end that the said Knickerbocker Trust Company might collect the said debts thus fraudulently concealed. The answer of the defendant is generally a denial of fraud, and as a third, separate defense the defendant alleges that after a full knowledge of the facts claimed by the plaintiff to have been falsely alleged and fraudulently concealed, the plaintiff ratified the said participation agreement by receiving payments upon said agreement and by prosecuting an action in court against the defendant upon the said contract.

This order, as I read the authorities, goes a step further than the courts have ever before gone in directing the trial as a separate issue of an affirmative defense alleged in the answer. In *Smith* v. *Western Pacific Railway Company* (144 App. Div. 180; affd., 203 N. Y. 499) this court in directing a separate trial of an issue raised by the answer, says: " The direction of the statute is that the order shall rest in the discretion of the court, which should be judicially and perhaps sparingly exercised. If the court's discretion be so exercised the section should prove to be of distinct benefit by saving the time of the

court and its litigants and by reducing the expense of litigation. In general the application of the statute will doubtless be found to be most useful and beneficial if confined to the trial of pleas in bar such as the Statute of Limitations, pleas to the jurisdiction and in some cases to pleas of a former adjudication. In short the section can be most usefully applied to the case of an issue which if determined in one way will end the litigation and render a trial upon the merits unnecessary. It should also appear that the plea to be tried is one which has a reasonable basis to rest upon, and is not interposed merely for delay, and it should also be one which can be tried and disposed of without involving the trial of the merits."

The case at bar does not come within the limitations of the rule as thus stated by Mr. Justice SCOTT. It is difficult to see why the evidence relevant to the issue thus sought to be separately tried would not be in part at least relevant to the other issues raised in the complaint and answer. Any information which the plaintiff possessed at the time of the claimed ratification of the agreement would be properly proven upon this issue and if such information were possessed at the time of the original contract, it would also be pertinent to the main issue to be tried as to the fraud of the defendant and a reliance of the plaintiff thereupon. The issue raised by the separate answer, which has been directed to be separately tried, is so interlocked with the issues which must be investigated at the trial of the action itself, that much of the evidence would be necessary in both trials in case the defendant failed in its affirmative defense thus asserted. It is claimed that in a former trial, involving substantially the same issue, the time of the court was occupied for three weeks, and that a separate trial of this issue would much expedite the case if only the defendant could succeed upon such trial. In the light, however, of the former trial and of the examination of the defendant before trial by the plaintiff, which has already been had, it is probable that the trial upon the main issue can be much expedited. Moreover, it is not at all certain that such trial of this separate issue would not prove wholly abortive. The defendant upon the separate trial would be required to show that the facts concerning

*every* representation *claimed* to have been fraudulently made was known to the plaintiff, and that the contract was thereafter ratified by him; also, that *every* fact *claimed* to have been wrongfully concealed by the defendant from the plaintiff was known to the plaintiff, and that thereafter the contract was ratified by him. If the defendant failed upon this separate issue and the plaintiff upon the trial should prove a part only of the fraudulent representations claimed, or a part only of the fraudulent concealments claimed, the defendant would still be barred by a verdict upon this separate issue from showing that the plaintiff ratified the contract after full knowledge of the false representations shown to have been made. This would only result in new applications for relief on the part of the defendant from the verdict upon the trial of the separate issue and a new trial which should present to the jury whether the plaintiff did any act in ratification of the agreement after knowledge of the facts *shown* to have been fraudulently represented. In our judgment, nothing can be gained, and much time may be lost by a separate trial of this issue. The discretion of the court to order a separate trial of such issues should only be exercised where the issue ordered to be separately tried is so independent of the other issues that its trial will in no way involve the trial of the issues to be thereafter tried and where the determination of that issue will satisfactorily and with practical certainty dispose of the case if decided for defendant.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.