PETER KYE, Plaintiff, v. GUY P. STEARNS, Defendant.

Supreme Court, Chautauqua County, July 20, 1927.

Trial — separate trial of issues — motion, under Civil Practice Act, § 443, subd. 3, for separate trial of issue of release in negligence action, is denied.

Defendant's motion, made under subdivision 3 of section 443 of the Civil Practice Act, for separate trial of the issue of a release in this action for negligence, arising out of an automobile accident, is denied, since the question of the execution and validity of the release will be involved with the merits of the action and the issues cannot profitably be tried separately.

MOTION for a separate trial as to the validity of a release.

Owen B. Augspurger [Milton J. Baier of counsel], for the motion.

Francis S. Stegelske [Thomas P. Heffernan of counsel], opposed.

NOONAN, J. This is a motion on the part of the defendant for a separate trial of an issue of fact relating to the validity of a release, under the provisions of subdivision 3 of section 443 of the Civil Practice Act, which reads as follows: " The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case."

The facts before the court for its guidance in the decision of this motion are substantially as follows: On or about September 26, 1925, the plaintiff had a collision with the defendant's automobile, during which he suffered somewhat serious injuries, viz., loosened teeth, broken cheek bones and the loss of the sight of the left eye. To recover damages for the alleged negligence on the part of the defendant, this action has been brought, and the defendant sets up as a defense its claim that the plaintiff, on or about October 1, 1926, executed and delivered a release of his claim for damages for the sum of twenty-five dollars, claiming that a determination of this issue in favor of the defendant would end the lawsuit; while the plaintiff opposes the motion, chiefly on the grounds that the situation is such that the validity of the release cannot be properly determined without going into the merits of the action generally, and that no time will be saved by granting the motion.

The authorities are uniformly in support of the proposition that

the court has very wide discretion in such matters (*Strauss & Co.* v. *American Credit Indemnity Co.*, 203 App. Div. 361), but the authorities have also indicated a line of demarcation to be followed in deciding such motions.

Primarily the purpose of this subdivision is to provide a speedy trial of such pleas in bar as the Statute of Limitations, a discharge in bankruptcy, former adjudications, questions of jurisdiction and such matters as can be properly disposed of without going into the real merits of the cause of action. (*Sayer* v. *Wilstrop*, 200 App. Div. 364; *Schleestein* v. *Cohn*, 188 id. 48; *Smith* v. *Western Pac. R. Co.*, 144 id. 180; affd., 203 N. Y. 499.) But the courts have also generally held that the usual negligence case does not ordinarily present a situation calling for a separate trial of one or more of the issues therein (*McGurty* v. *D., L. & W. R. R. Co.*, 172 App. Div. 46); and this is so where a question of a release is involved. (*Schoenbaum* v. *Reimer*, 184 App. Div. 944.)

When one considers the apparent seriousness of the injuries and the small amount paid for the alleged release, it becomes perfectly apparent that the question of the execution and validity of the release is very much involved with the merits of the action, and that the issues cannot be profitably tried separately.

The motion is denied, with ten dollars costs, and an order may be entered accordingly.