WINIFRED D. FLYNN, Respondent, *v.* ROYAL DEVELOPMENT COMPANY, Appellant, and Thirteen Other Actions.

Third Department, March 10, 1943.

*Dwyer, Shearer & Dwyer* (*Eugene J. Dwyer* of counsel), for appellant.

*Deyo, Turner & Normile* (*John R. Normile* of counsel), for respondents.

*Per Curiam.* Appeal from orders denying defendant's motions for judgments dismissing the complaints. This and thirteen similar actions are brought to recover moneys paid to the defendant for its securities, it being alleged that the several plaintiffs were induced to contract and pay through false and fraudulent representations believed by plaintiffs and known to be false by defendant. The transactions occurred in or about the year 1929, but it is pleaded in each complaint that the plaintiff only discovered that the representations were false and fraudulent within six years prior to the commencement of the action. Defendant has not answered, but has moved under rule 107 of the Rules of Civil Practice for judgments dismissing the complaints on the ground that the causes of action did not accrue within the time limited by law for the commencement of an action thereon. (Rule 107, subd. 6, *supra.*) The court has denied the motions for judgments dismissing the complaints and, under one of the alternative provisions of rule 108, Rules of Civil Practice, has directed that defendant be permitted to allege the same facts in its answers which are set up as the grounds for its motions. Counsel for defendant-appellant asserts that it was entitled to the relief asked as matter of law, but if not, the court was required, under another provision of rule 108 (*supra*), to direct that the question of fact as to the running of the Statute of Limitations be tried by a jury or a referee, the findings to be reported to the court. Plaintiffs-respondents contend that much of the proof in the case will bear upon the issue of fraud as well as upon the question as to the Statute of Limitations, and therefore that a separate trial of the one issue would be improper.

After the answers have been served and all the issues raised, the trial court will be better able to determine whether one of the issues should be tried separately before the others. (Civ. Prac. Act, § 443.) It has been said that the direction for the separate trial of an affirmative defense " shall rest in the discretion of the court, which should be judicially and perhaps sparingly exercised " and that the issue to be tried should " be one which can be tried and disposed of without involving the trial of the merits." (*Smith* v. *Western Pacific R. Co.,* 144 App. Div. 180, affd. 203 N. Y. 499.) Should it appear that the trial of the one issue, if determined adversely to the plaintiffs, will end the litigation and render the trial of the merits unnecessary, there should be a separate trial. (*Hmar* v. *Texas Co.,* 235 App. Div. 731.) Unless it does so appear, the application should be denied. (*Commercial Trust Co.* v. *Columbia Trust*

*Co.*, 183 App. Div. 106.) In view of the divergent claims by the parties, the matter of a separate trial of the issue as to the Statute of Limitations should be determined when the case comes on for trial.

All concur.

Order affirmed, with twenty-five dollars costs.