In the Matter of the Estate of JAMES E. ALBRIGHT, Deceased. WILLIAM W. ALBRIGHT, as Executor of JAMES E. ALBRIGHT, Deceased, Respondent; EDITH E. FALVEY [ALBRIGHT], Appellant.— In a proceeding by the executor to compel decedent's alleged widow to execute certain deeds in accordance with a settlement agreement entered into between the parties after said widow had filed a notice of election under section 18 of the Decedent Estate Law, said widow seeks to be released from the agreement on the ground that the consideration she received was so inadequate (she being then unaware of the estate's true value) as to be unconscionable. Said widow appeals from an order of the Surrogate's Court, Kings County, which granted the executor's motion for a separate trial upon the issue as to the validity of the settlement agreement and denied her cross motion for a trial of all the issues. She also appeals from so much of another order of the same court as denies her motion to examine the executor before trial as an adverse party. Order granting a separate trial affirmed, without costs. No opinion. Nolan, P. J., Wenzel and Beldock, JJ., concur; Schmidt, J., dissents and votes to reverse the order and to deny the motion for a separate trial and to grant the cross motion for a single trial of all the issues, with the following memorandum: The only basis for appellant's claim as alleged by her is that she is the widow of the decedent and at the time of the settlement agreement she was not advised and was unaware that the estate was valued at over $200,000. Accordingly, she claims that the release by her of her right of election valued at more than $100,000, in consideration of the conveyance to her of a parcel of real property valued at $14,000 and the payment to her then counsel of $1,000 makes the agreement and release unconscionable. Under these conditions the validity of the agreement and release can only be decided by a determination of appellant's marital status. If she is the widow, the agreement and release might be unconscionable. If it is developed that she is not the widow, the settlement may have been generous. The validity of the agreement is dependent on whether it was conscionable, and that depends upon whether the executor was dealing with decedent's widow or a stranger. The marital status becomes the dominant element in the appellant's proof and should not be separated from the proof of the execution of the release. (*Smith* v. *Western Pacific Ry. Co.*, 144 App. Div. 180; *Commercial Trust Co.* v. *Columbia Trust Co.*, 183 App. Div. 106; *House* v. *Scheffler*, 261 App. Div. 1088, Appeal No. 2; *Romania* v. *Lamport & Holt*, 207 App. Div. 861; *Fonville* v. *Irving Poultry Co.*, 243 App. Div. 528.) Murphy, J., concurs with Schmidt, J. Order for examination before trial insofar as appealed from modified so as to provide that the denial of the motion to examine the executor before trial as an adverse witness shall be without prejudice to an application by the widow, if she be so advised and if she be successful upon the separate trial as to the settlement agreement, to move, before the trial of the main issues, to examine the executor as a witness by reason of special circumstances. As so modified, order, insofar as appealed from affirmed, without costs. In our opinion, although the motion to examine the executor as an adverse party was properly denied, an opportunity should be afforded appellant to examine him as a witness, if she shall succeed on the separate trial with respect to the settlement. Nolan, P. J., Wenzel, Beldock and Murphy, JJ., concur. Schmidt, J., dissents and votes to modify the order so as to grant the widow's motion insofar as it presently seeks to examine the executor before trial as an adverse party. [See 284 App. Div. 849.]