Jacob J. Schwabtzwald, J.
In this action for malpractice and negligence defendant moves, pursuant to section 443 of the Civil Practice Act, for an order directing the issue of the defense of the Statute of Limitations to be tried prior to the trial of any of the other issues in the case.
The alleged cause of action accrued in January, 1950 while the plaintiff was still an infant. The plaintiff reached her majority on June 7,1955 and did not commence this action until February, 1959, more than three years after attaining her majority and accordingly, as contended by the defendant, the plaintiff was barred from instituting this action. The plaintiff, however, charges in her complaint and bill of particulars that due to the malpractice and negligence of the defendant she sustained severe brain damage, rendering her insane and incompetent and that the Statute of Limitations was tolled by reason of her disability.
The granting or denying of such an application lies solely in the court’s discretion. (Romania v. Lamport Holt, 207 App. Div. 861; Flynn v. Royal Development Co., 265 App. Div. 592.) Primarily the purpose of this provision is to provide a speedy trial of such pleas in bar as the Statute of Limitations, release, discharge in bankruptcy, jurisdiction and such matters as can be properly disposed of without going into the real merits of the case (Flynn v. Royal Development Co., supra; Sayer v. Wilstrop, 200 App. Div. 364; Kye v. Stearns, 130 Misc. 28), and should be so administered as to make the provision remedial and beneficial rather than burdensome (Smith v. Western Pacific Ry. Co., 203 N. Y. 499).
While the court under normal circumstances would have granted such an application where the defense of Statute of Limitations was interposed, the facts presented herein do not lend themselves to such a disposition. As previously indicated, the complaint and bill of particulars allege plaintiff’s insanity as an integral part of the brain damage allegedly caused by defendant’s acts. Along with the other injuries to her brain and to her central nervous system the insanity is listed as an item of damage. Plaintiff’s insanity will have to be proved as part of her case beyond consideration of the question of the Statute of Limitations, and, under the circumstances, it may become necessary for the plaintiff to prove the insanity twice. This *1052 would entail the production by the plaintiff of an alleged voluminous hospital record covering the plaintiff’s treatment not only in the defendant hospital but other hospitals, as well as doctors, pharmacologists, internists, neurologists, psychiatrists and many other experts, in addition to the testimony of family, friends, teachers, etc. Some of these experts are residents of other States.
If defendant’s application was to be granted, there would be the possibility of a great waste of time, duplication of effort and evidence, with the necessity of two trials, as well as a severe financial burden upon the plaintiff. (Romania v. Lamport & Holt, supra; Rabin v. Brooklyn Trust Co., 191 Misc. 321; House v. Scheffler, 27 N. Y. S. 2d 681.) This was never the intent of the legislators in promulgating the section (Smith v. Western Pacific Ry. Co., 203 N. Y. 499, supra).
To try this issue separately would of necessity mean going into the merits of the main issue, and, as the issues are so closely entwined, it would be rather difficult to try them separately. It is only where the trial of the issues involved will be a brief one, whereas the trial of the main issue would be prolonged and extensive, should the court exercise its discretion in ordering separate trials (Reich v. Cochran, 171 App. Div. 113). Such factors are not present herein. Accordingly the motion is denied.