William W. Sebea, J.
This .is an application for an order pursuant to CPLR 603 for a separate prior trial of the issues raised by an affirmative defense of settlement and compromise, to be tried prior to the issue raised by the complaint, and, also, for relief pursuant to CPLR 3103 for a protective order against an examination of defendant’s books pending the determination of the issues raised by the affirmative defense, if the same be separately tried.
The plaintiff has brought an action against the defendant to recover moneys for insurance premiums allegedly due and owing and arising out of a policy of motor vehicle insurance under which the plaintiff, during 'the calendar years ending December 31,1965, December 31,1966, and December 31, 1967, insured the vehicles of the defendant. The policy provided for an adjustment of premiums based upon gross .receipts, which are defined in the policy of .insurance as the total amount to which the named insured is .entitled for the transportation of passengers, mail, or merchandise during the policy period, whether such transportation originates with the named insured or other carrier with certain enumerated exceptions. Under the terms of the policy of insurance, the defendant was to have kept certain records of motor vehicles and gross .receipts for the policy period and to .send copies of the receipts to the insurer at the end of the policy period and at such times during the policy period as the company .(plaintiff) may direct.
The plaintiff alleges and the defendant denies that the gross receipts .submitted and represented by the defendant were incorrect, and, in fact, that the gross .receipts of the defendant were greatly in excess of the gross receipts represented. By reason of this, the plaintiff claims that the defendant owes the plaintiff premiums in the amount of $64,813.43 which the defendant has not paid. In the answer of the defendant, there is an affirmative *1039 defense alleged of settlement and compromise. There is also alleged an excessive premium assessment .through improper rating and that the compromise was in satisfaction of the entire disagreement. There is further alleged a stipulation as a part of the settlement changing the method of computing premiums for the year 1967.
On this motion, the plaintiff, by the sworn affidavit of the manager of its office at Buffalo, New York, denies .that any settlement and compromise was ever made and alleges that shortly before the commencement of this action, certified copies of Public Service Commissions reports of the defendant were obtained and that a gross discrepancy shown therein between the reported figures and those furnished by the defendant forms ■the evidentiary basis for this action. The plaintiff has demanded an examination of the defendant’s financial records and the defendant has thus far refused such examination.
The defendant urges that, should the relief demanded in the motion be not granted, improper evidence as to settlement negotiation would be placed before the jury and the compromise and settlement should be severed. Moreover, the defendant urges that it will be less involved to try the compromise and settlement issue before the issue of the original action and that it would save a lengthy, detailed, and .specific examination of the defendant’s books and records by the plaintiff and a complicated and protracted trial, all of which the defendant alleges would be unnecessary if .the defendant prevails in its affirmative defense. The plaintiff, on the other hand, alleges that it has never had an audit of the defendant’s books and that it desires and requires the same; that the financial records submitted by the defendant to the Public Service Commission are greatly inconsistent with the receipts and records .submitted to the plaintiff, and that the protective order requested by the defendant in particular would deny the plaintiff a substantial right. The plaintiff alleges, moreover, .that the defendant’s affidavit, which was made by counsel and not by any party or officer or employee of the defendant corporation, alleges insufficient facts to warrant the relief demanded. In this connection, the court notes that the affidavit of the defense attorney does not allege whether the settlement and compromise is oral or in writing. It does not state when such settlement is alleged to have taken place, and it does not deny that the plaintiff has never had an examination of the defendant’s books. The plaintiff’s affidavit of its manager, Mr. Hollinger, of Buffalo, New York, alleges *1040 further that the defendant has refused and denies the plaintiff an audit and inspection of the books, even though repeatedly requested. The discrepancy alleged by the plaintiff in the unaudited gross .receipts furnished by the defendant and the gross receipts reported by the defendant to the Public. Service Commission over the period of three years exceeds $1,165,000. The agreement and compromise, alleged by the defendant to have been made, in the answer of counsel, provided for an additional premium in 1966 of $1,879 and a credit of $1,223 covering the two years 1965 and 1966 and for a modification of the premium basis in 1967.
The court, in exercising its discretion in this matter, is of the opinion that the examination by the plaintiff of the defendant’s books, even if a settlement and compromise be separately tried, is necessary for the plaintiff to determine whether the agreement and compromise, if it in fact was made, includes all of the discrepancies known to the plaintiff at the time of its consideration and negotiation. The small amount of the alleged settlement and the refusal of the defendant to disclose pertinent information make it obvious that the issue of ¡settlement will involve a trial of the main issues of the complaint. (Kye v. Stearns, 130 Misc. 28.) The court, moreover, feels that the evidence of agreement and compromise negotiations being disclosed to the jury in a case where the damages are a matter of computation and not of unliquidated adjustment by the jury is immaterial and cannot prejudice the defendant’s case before the jury. The credibility of the witnesses involved, moreover, will be a concern of the jury and involve the very issue of whether the records have been misrepresented to the plaintiff in the negotiation, and that by reason of the foregoing it is not a simple matter of trying the agreement and compromise, the nature of which as oral or written has not been disclosed in the moving papers, but it is .a matter involving many of the same issues involved in the plaintiff’¡s original lawsuit. By reason thereof, the defendant should be granted neither a separate trial of the affirmative defense nor an order of protection against the further application of the plaintiff for its examination of the defendant’s books. (Fulmer v. Sovocool, 26 A D 2d 889.)
The defendant’s motion is in all respects denied.