■ GORDON N. MORFORD, Appellant, v A. SULKA & COMPANY, INCORPORATED, Respondent.—Order of the Supreme Court, New York County, entered July 2, 1980 granting a separate and prior trial on the issue of fraud in the inducement posed by the second affirmative defense set forth in defendant's amended answer, reversed, on the law, the facts and as a matter of discretion, with costs, and the motion denied. In December, 1974, plaintiff and defendant entered into a letter agreement by the terms of which defendant hired plaintiff as its president and chief operating officer at an annual salary of $50,000. Included in the agreement was a provision that plaintiff could not be discharged except for cause. On May 9, 1975, plaintiff's employment was terminated, purportedly for cause. Salary payments to him ended with April 30, 1975. He has not been paid for the period May 1 through May 9, 1975. Thereafter this suit was brought. The complaint sets forth two causes of action: one for salary which accrued and which was not paid to plaintiff; and the other for breach of contract. During plaintiff's examination before trial it was ascertained that he was not the recipient of a degree of B.S. in Business Administration from Columbia University. At a pretrial conference held approximately three years and four months after the commencement of the action, counsel for defendant represented that defendant was induced to hire plaintiff based upon his representation that he possessed such a degree. At that conference defendant moved orally to include such a defense in its answer. The motion was granted and the answer was amended accordingly. Defendant then moved for a separate trial of that defense. That motion was granted and the separate trial was directed to be held prior to the trial of the issue raised by the complaint. This appeal is taken from the order entered thereon. CPLR 603 provides, in pertinent part: "In furtherance of convenience or to avoid prejudice the court * * * may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others." Ordinarily, the granting of a separate trial of an issue is a matter of judicial discretion. Such discretion is soundly exercised where the separate trial involves an issue which does not touch upon the merits of the main controversy but will, nevertheless, be dispositive of the entire action (*Mirabella v Banco Ind. de la Republica Argentina,* 29 AD2d 940). Although the purpose is to provide a trial of ancillary issues, usually these have been pleas in bar such as release, discharge in bankruptcy, Statute of Limitations, Statute of Frauds, jurisdiction and such other

matters which may dispose of the entire controversy without going into the merits of the controversy *(Johnson v Methodist Hosp. of Brooklyn,* 27 Misc 2d 1050). Here, a prior trial of the issue of fraud must, of necessity, involve the merits. Moreover, while it may establish the right of defendant to offset the claim of plaintiff, it cannot be made the basis for a claim of rescission, for defendant was unaware of the alleged fraud at the time of plaintiff's discharge. In these circumstances, no useful purpose will be served by a separate trial. Concur—Birns, J. P., Sandler, Silverman, Bloom and Lynch, JJ.