OPINION OF THE COURT
Richard F. Braun, J.
This is a summary holdover proceeding, in which respondent claims the right to succeed to her deceased mother’s tenancy at the subject residential premises. The apartment is governed by the Rent Control Law and Regulations. Respondent Stefania Rohatynska (respondent) moves for an order directing that, when petitioner takes her deposition, she be permitted to have a person who speaks both Ukranian and English at the deposition in order to verify the accuracy of the interpretation that will be made because respondent speaks no *561 English. Petitioner cross-moves for an order, pursuant to CPLR 3126, that the issues which are the subject of petitioner’s "discovery demand” be resolved in favor of petitioner and precluding respondent from introducing any evidence supporting "her claim of occupancy or primary residence in the subject apartment”. Furthermore, petitioner moves, pursuant to CPLR 3103, for a protective order barring respondent from having "any third persons” participate at her deposition and for attorney’s fees.
On March 10, 1993, a deposition of respondent was held at the office of the attorney for petitioner. Due to respondent’s inability to speak English, petitioner’s counsel had an interpreter there to interpret the questions by counsel from English into Ukranian and the answers by respondent from Ukranian into English. Besides her counsel, respondent also had her friend at the deposition. Respondent’s friend speaks both English and Ukranian fluently. During the course of the deposition, respondent’s friend pointed out to petitioner’s attorney that the interpreter was not interpreting significant words correctly. Petitioner’s counsel insisted that respondent’s friend leave the deposition. Respondent’s attorney demanded that she stay. Due to this conflict, the deposition was terminated before it was completed by petitioner’s attorney.
Thereafter, petitioner moved for sanctions, pursuant to CPLR 3126, and respondent cross-moved for summary judgment. Another Judge of this court granted summary judgment to respondent, and denied petitioner’s motion for sanctions. An appeal ensued. The Appellate Term, First Department, reversed the award of summary judgment to respondent, and granted petitioner’s motion to preclude, pursuant to CPLR 3126, unless respondent appeared at a rescheduled deposition within 30 days after service of a copy of the Appellate Term order, with notice of entry.
The order, with notice of entry, was served by petitioner’s attorney on November 18, 1993 by overnight mail. Petitioner’s counsel rescheduled the deposition of respondent to be held at his office on December 7, 1993. In a letter, dated December 6, 1993, respondent’s attorney indicated that the deposition would be held after the instant motion by respondent was decided. In a letter, dated December 7, 1993, petitioner’s counsel stated that he was adjourning the deposition to December 14, 1993. On December 8, 1993, respondent served her instant motion, and petitioner cross-moved on December 17, *562 1993. All of this activity took place within the 30-day period set forth by the aforesaid Appellate Term order.
Neither party submitted with its instant motion papers copies of the pleadings or of the prior motion papers (at oral argument, this court informed the attorneys that it did not have the latter, and gave the parties the opportunity to submit further papers through a consent submission schedule). The only documents found by this court in the landlord and tenant clerk’s office file were the notice of appeal and the prior Civil Court decision/order, which led to the aforesaid Appellate Term order. Therefore, this court cannot grant the first request for relief of petitioner because, without a copy of petitioner’s "discovery demand”, this court cannot know what issues are subject thereto.
Petitioner argues that the Appellate Term order was violated by respondent’s not appearing for her rescheduled deposition and thus that this court must enforce the order. First, without the prior motion papers, this court cannot know what was to be precluded, pursuant to petitioner’s prior motion and the Appellate Term’s order based thereon. Second, petitioner has moved for a protective order in relation to the deposition of respondent. Such a motion suspends the deposition. (CPLR 3103 [b]; Laverne v Incorporated Vil. of Laurel Hollow, 18 NY2d 635, 637-638 [1966].) This is not an instance, like in Láveme, of a party’s "willful failure to purge himself of his disobedience of prior court orders compelling disclosure” (at 637). Rather, respondent is attempting to insure that the deposition will be conducted fairly in light of the claimed problem at the earlier deposition. Furthermore, even if petitioner had not moved for a protective order, respondent’s motion is essentially also seeking a protective order, pursuant to CPLR 3103 (a). In addition, the Appellate Term order specified: "Any further application as to the conduct of the rescheduled examination [before trial of respondent] may be made to the judge presiding in Civil Court.” That Judge happened to be this Judge when the motions were returnable before this Judge in Part 18 of this court.
At times, problems have arisen with the quality of interpretation performed by official court interpreters. (See, Hoffman, New York’s Court Interpreters: Overworked Link in Judicial System of New York City, NY Times, Dec. 24, 1993, at 1, col 1.) For a deponent who does not speak English well or at all, the right to have an interpreter who interprets correctly at a trial or pretrial deposition is a matter of fundamental fairness. *563 (See, People v Pavao, 59 NY2d 282, 293 [1983] [where the interpreter had difficulty interpreting a witness’ testimony at trial, it was error not to appoint a different interpreter].)
Petitioner’s proposal that respondent can hold and transcribe a second deposition of her at her own expense is not an equitable or logical solution. First, respondent should not have to go to the expense of paying for her own deposition. Second, if petitioner means holding a second deposition on a second date, having two separate depositions will give petitioner’s counsel the unfair advantage of being able to ask his questions twice. Even if petitioner means holding only one deposition on the same date, with each party having its own interpreter and stenographer, this could lead to "dueling transcripts”, with the attorneys battling over which one is the correct one. Even supplying corrections to the deposition transcript, pursuant to CPLR 3116 (a), is not an adequate remedy where the questions were not properly stated by the interpreter, because that would lead to answers to questions not asked by petitioner’s counsel. The best solution would be that the attorneys for the parties agree to the interpreter that petitioner will utilize, who has the credentials to serve as an official court interpreter.
The cases cited in opposition by petitioner do not compel a different conclusion as to respondent’s motion. They only make the points that professional disciplinary hearings and examinations before trial are not open to the general public and press. (See, e.g., Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1 [1990]; Scollo v Good Samaritan Hosp., 175 AD2d 278 [2d Dept 1991]; Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335 [2d Dept 1979].) Respondent is not seeking to open her deposition to anyone other than someone who will assure that the deposition is conducted fairly. This should be her right.
Respondent is being given the right to have a person present who can assist in assuring that the questions are being properly interpreted for her into Ukranian and that her answers to the questions are being correctly interpreted into English. That person to be chosen by respondent shall not be the person who appeared at the March 10, 1993 deposition, a point conceded by respondent’s counsel. Furthermore, respondent is being given the right to have the person who appears with her at the deposition speak with respondent’s counsel at the deposition in order to inform the latter of any problems with the official interpretation, but only off the record and in *564 a fashion that does not disrupt the deposition. Preferably, both that person and petitioner’s interpreter will have the credentials of an official court interpreter. Although this court could mandate that either or both parties must have an interpreter with credentials, pursuant to the court’s inherent authority under CPLR 3103 (a), the court will not impose a possible financial burden that was not requested by either party. Ultimately, the Judge presiding over Special Term, Part II will have to resolve any disputes that arise at the deposition. The credentials of petitioner’s interpreter versus those of the person appearing with respondent will be relevant to the Judge’s determination.
Under the circumstances, in light of the Appellate Term’s order and to move this proceeding along toward trial, petitioner’s motion is being granted, pursuant to CPLR 3126, to the extent that respondent will be precluded from introducing any evidence tending to support her claim of occupancy or primary residence at the subject premises unless she appears for her examination before trial on March 18, 1994 at 10:00 a.m. or at any other date agreed to in writing by the attorneys for the parties. The deposition will not be held at the office of petitioner’s counsel but rather at Special Term, Part II of this court, so that, if any further problems arise, the Judge presiding over that Part will be available to intercede.