OPINION OF THE COURT
Richard F. Braun, J.
These are five actions consolidated for pretrial purposes pursuant to an order, dated November 24, 1997, plus four related actions. In the first action (action No. 1), plaintiffs are pro se. They sued defendants in action No. 1 for personal injuries and property damages. The pro se plaintiffs allege that defendants City of New York and Department of Social Services/Human Resources Administration (City Defendants) discriminated against them and acted in a grossly negligent manner. The pro se plaintiffs also claim due process and equal protection violations. The pro se plaintiffs contend that defendants R.L.S.A. Realty Corporation (R.L.S.A.) and Hamilton Place Associates, Inc. (Hamilton) committed gross negligence against them. The pro se plaintiffs seek a total of $50,009,970 in damages from defendants. The causes of action of the pro se plaintiffs grow *806 out of a fire that occurred in the building where City Defendants placed those plaintiffs, which defendant Hamilton leased from defendant R.L.S.A.
The pro se plaintiffs move for a protective order (1) to have a Judge or Referee appointed to supervise disclosure, (2) to order that the party who takes a deposition bear the expenses thereof, (3) against defendants’ “harassment, abuse, false innuendos, and prejudice, etc.”, and (4) to suppress the deposition of plaintiff Urmas Mollerson, or improperly or irregularly taken information from the deposition; for an award of compensatory and nominal damages for intentional infliction of emotional distress and defamation; for a determination whether inquiry as to the pro se plaintiffs’ personal backgrounds is relevant; to compel disclosure and impose CPLR 3126 penalties; to order defendants in action No. 1 to pay the pro se plaintiffs’ litigation expenses, including those for serving and copying fees, and transportation costs; and to order those defendants not to bring up the issue of whether one pro se plaintiff wrote all of the papers for all of the pro se plaintiffs to sign. City Defendants cross-move to suppress the handwritten transcript of the deposition of plaintiff Urmas Mollerson and for leave to amend their answer to assert defenses of the Statute of Limitations, failure to exhaust administrative remedies, and res judicata. The pro se plaintiffs cross-move to deny City Defendants’ cross motion. Plaintiffs in action Nos. 2, 3, 7, and 9 move to consolidate action Nos. 2 through 9 for purposes of discovery and a joint trial, and to sever action No. 1 for all purposes. No one opposes the consolidation branch of the motion and only the pro se plaintiffs in action No. 1 oppose the severance part of the motion.
By decisions and orders, dated January 30, 1998, and opinion, dated February 3, 1998, this court, among other things, denied a prior motion by the pro se plaintiffs to appoint a Judge or Referee to supervise disclosure and to order that the party taking a deposition bear its costs, and denied the prior cross motion of City Defendants to amend their answer. The bases for the denial of the prior motion were that the pro se plaintiffs had not shown that a Judge or Referee was needed to supervise disclosure and that, because pursuant to CPLR 3116 (d) the party taking a deposition must pay the expenses therefor, an order to that effect was not necessary. The reasons for denying the prior cross motion were that the defense of Statute of Limitations was meritless and thus leave to amend in order to add that defense should not be granted (Barbour v *807 Hospital for Special Surgery, 169 AD2d 385, 386 [1st Dept 1991]), the request to add the defense of res judicata was improperly made for the first time in the reply papers on the prior cross motion (see, Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 626 [1st Dept 1995]), and City Defendants did not submit a proposed amended answer containing the defenses of Statute of Limitations and res judicata (Hoisting Mach. Co. v Elderfields Reservations, 195 App Div 893 [1st Dept 1921]). As this court has already ruled on these branches of the motion and cross motion now before the court, the proper motions to make were for reargument and/or renewal, supported by copies of the prior decisions, orders, and opinion, and all of the prior motion and cross motion papers. No motion to reargue or renew was made. Thus, those branches of the motion and cross motion must be denied.
The deposition of plaintiff Urmas Mollerson and the handwritten transcript thereof should be suppressed, pursuant to CPLR 3103 (c). As a matter of elementary fairness, all parties to an action have the right to appear at and participate in all pretrial and trial stages of an action, unless they waive their right to do so or exceptional circumstances occur, such as disruptiveness by the party (see, Matter of Daniel Aaron D., 49 NY2d 788, 791 [1980]; Lunney v Graham, 91 AD2d 592, 593 [1st Dept 1982]). Both of those holdings were reversals where parties had been barred from appearances at their trials. Here, the other pro se plaintiffs were denied the right to appear at the deposition of the pro se plaintiff Urmas Mollerson, which was taken in their action No. 1. This occurred in spite of this court’s having specifically stated in its February 3,1998 opinion that two of the pro se plaintiffs could attend the depositions of the other two pro se plaintiffs who do not speak English (the pro se plaintiffs are from Estonia). That statement was made in light of the right of those plaintiffs, and each plaintiff, to attend all depositions, and to assuage the fears of the pro se plaintiffs that an inaccurate translation could occur of the depositions of the non-English-speaking pro se plaintiffs (see generally, 9th St. Estates v Rohatycka, 160 Misc 2d 560 [Civ Ct, NY County], mod 162 Misc 2d 502 [App Term, 1st Dept 1994]). Due to the violation by defendants in action No. 1 of the rights of the pro se plaintiffs, the request of the pro se plaintiffs for a protective order suppressing the entire deposition should be granted.
In addition, City Defendants are correct that the pro se plaintiffs’ handwritten transcript of the deposition of plaintiff *808 Urmas Mollerson should be suppressed. In the decision, order, and opinion on the pro se plaintiffs’ prior motion, this court gave them the right to simultaneously audiotape the depositions taken of them. This was allowed to further alleviate the concerns of the pro se plaintiffs that a proper transcription of their depositions might not occur. However, the pro se plaintiffs may not substitute the transcription from their audiotaping of the deposition for the certified version made by the officer before whom the deposition was taken (CPLR 3116 [b]). The pro se plaintiffs may make any desired corrections to the transcripts of any depositions which may be taken of them in the future. Each deposed person will have a period of 60 days to correct his or her deposition transcript after the transcript is sent to him or her (CPLR 3116 [a]).
Defendants R.L.S.A. and Hamilton agree with the pro se plaintiffs’ request for appointment of a Judge or Referee to supervise discovery in the future. City Defendants agree that such an appointment is necessary if the pro se plaintiffs cannot be made aware of how a deposition properly proceeds. The deposition of plaintiff Urmas Mollerson was not completed but was adjourned by the attorney for R.L.S.A. and Hamilton to make an application to this court (no such application has been made). As the deposition of plaintiff Urmas Mollerson will be conducted anew, it is unnecessary for the court to rule on individual questions at this time, as implicitly requested by the pro se plaintiffs. A conference has been scheduled before this court in order for this court to determine, among other things, whether it will exercise its discretion, pursuant to CPLR 3104 (a) and (b), to expectedly appoint on its own initiative a Judicial Hearing Officer or Referee (on consent) to supervise disclosure. If so, he or she will rule on any discovery issues that arise in the future. In any event, future depositions will have to take place in the courthouse.
The pro se plaintiffs’ request for a protective order against defendants’ future “harassment, abuse, false innuendos, and prejudice, etc.” by defendants in action No. 1 should be denied. Any such behavior by those defendants can be addressed at the time that it occurs. The use of “etc.” is improperly vague in a request for a discovery order (see, Friendship, Inc. v Wu, 166 Misc 2d 352, 356 [Civ Ct, NY County 1995]).
The pro se plaintiffs spend a great deal of time discussing their background, particularly whether plaintiff Inna Mollerson may be a daughter of Raoul Wallenberg; how they were treated by SMERT, the former USSR’s army intelligence unit, *809 and the Estonian KGB; and the circumstances of how they left Estonia and came to the United States. If defendants in action No. 1 wish to inquire into the pro se plaintiffs’ backgrounds, they may do so, as long as the individual questions are not properly objected to as improper in form, palpably irrelevant, violative of the pro se plaintiffs’ constitutional rights, privileged, or unduly burdensome (Hertz Corp. v Avis, Inc., 106 AD2d 246, 249 [1st Dept 1985]; White v Martins, 100 AD2d 805 [1st Dept 1984]). Other than objections as to form, a party can raise objections at trial as to the admissibility of answers to individual questions at a deposition (CPLR 3115 [a], [b]; 3117 [a]). Some inquiry into the backgrounds of the pro se plaintiffs may be relevant as to damages and credibility, and thus should be permitted.
The pro se plaintiffs’ request for damages for intentional infliction of emotional distress and defamation must be denied. Such damages cannot be awarded on this motion of the pro se plaintiffs but could be awarded when the merits of this action are determined at trial, or on a motion for summary judgment where all pleadings are submitted, and there are no issues of fact (CPLR 3212 [b]). Furthermore, the pro se plaintiffs raise no claim for defamation in their amended complaint. In addition, statements of attorneys for parties made within judicial proceedings are privileged against defamation claims (Park Knoll Assocs. v Schmidt, 59 NY2d 205, 209 [1983]).
The pro se plaintiffs assert that defendants in action No. 1 did not reply to the discovery demands sent by those plaintiffs in 1997. The pro se plaintiffs state that a preliminary conference order required compliance therewith by January 31, 1998 (although a copy of the order is not submitted by them, a copy is submitted with the other plaintiffs’ motion to consolidate and sever). City Defendants have now replied. Defendants R.L.S.A. and Hamilton do not specifically address this branch of the motion by the pro se plaintiffs. Thus, said defendants should be compelled to reply to the pro se plaintiffs’ demands within 20 days of receipt of this court’s order on the motion or the answer of said defendants shall be stricken, unless good cause is shown for noncompliance.
As to the issue of one pro se plaintiff writing all of the papers for the pro se plaintiffs to sign, the pro se plaintiffs may have one of them write the papers for all of them. However, defendants in action No. 1 may address the issue to the extent that it is material and necessary to their defending this action, including as to the pro se plaintiffs’ credibility.
*810 City Defendants may amend their answer as to the one request for amendment that they did not raise in their prior cross motion. Failure to exhaust administrative remedies is an arguably meritorious defense to the pro se plaintiffs’ discrimination claims (Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375 [1975]). City Defendants now submit a proposed Amended Answer to Amended Complaint.
The pro se plaintiffs’ cross motion to deny the cross motion of City Defendants should be denied because it is unnecessary. This court has taken into account the papers of the pro se plaintiffs in opposition to the cross motion of City Defendants (except the pro se plaintiffs’ supplemental affirmation for which there was no stipulation or leave of court) and determined the cross motion of City Defendants on the merits of the papers in support and in opposition.
The request by the pro se plaintiffs for litigation expenses should await the ultimate disposition of this action, except to the extent that, under the circumstances, motion costs of $100 should be awarded to those plaintiffs against defendants in action No. 1, pursuant to CPLR 8202. This is particularly due to the exclusion from the deposition of plaintiff Urmas Mollerson of the other pro se plaintiffs.
The motion of plaintiffs in action Nos. 2, 3, 7, and 9 to consolidate and sever should be granted. Generally, consolidation is favored, pursuant to CPLR 602 (a), where, as here, there are common questions of law and/or fact (Amtorg Trading Corp. v Broadway & 56th St. Assocs., 191 AD2d 212, 213 [1st Dept 1993]). All of these actions involve personal injuries caused by a fire at the same premises. Consolidation for discovery and a joint trial should be ordered here, particularly where there is no opposition thereto.
A motion to sever is generally addressed to the sound discretion of the court (Morford v Sulka & Co., 79 AD2d 502 [1st Dept 1980]). Severance is appropriate where a party shows prejudice or inconvenience (Metro Envelope Co. v Westvaco, 72 AD2d 502 [1st Dept 1979]). The pro se plaintiffs have made the choice to proceed without an attorney, which is their right (they state that they declined several offers to be represented by the attorney for the other moving plaintiffs). The other moving plaintiffs claim that they and their decedents suffered much more severe personal injuries than the pro se plaintiffs, including wrongful deaths. The moving plaintiffs should not be delayed by the preparation of the pro se plaintiffs of their ac *811 tion for trial, particularly where the pro se plaintiffs have joined their peripherally related claims of discrimination, and equal protection and due process violations, to their personal injury and property damage claims growing out of the fire, and where the pro se plaintiffs will likely need supervision over disclosure. Thus, a severance is appropriate. However, as long as the severed actions remain in this Part and have the need for appearances before this court, the court will attempt to schedule the actions on the same date. By separate order of this court, such a conference date has been scheduled.